[Crim. No. 3974.   First Dist., Div. Three.   June 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER ELMER LINDEN, Defendant and Appellant.

Walter Elmer Linden, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, Robert B. Smith and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Appellant and one O'Shinn, cellmates in San Quentin prison, were convicted of oral copulation (Pen. Code, § 288a).  This was a retrial, a previous jury having failed to reach a verdict.  Only Linden appeals.  Appellant was represented at trial by the public defender.  We appointed counsel for him here.  That attorney reported that he had reviewed the record and found no merit in the appeal.  He was relieved of his assignment, and we refused appellant's request for the appointment of other counsel (*People* v. *Tabb,* 156 Cal.App.2d 467, 471-472 [319 P.2d 656] ; and see *People* v.

*Brown,* 55 Cal.2d 64, 74 [9 Cal.Rptr. 816, 357 P.2d 1072]).
Appellant has filed briefs in propria persona.

He argues that he was denied the right to summon witnesses. This question arose during trial. Out of the presence of the jury, defense counsel said ''your Honor, I have tried to get from Mr. Linden his best witness, his two or three best witnesses for reputation testimony, and I am not able to get that information from him.'' Appellant then produced a list of 59 witnesses he desired. It appeared that ''some of these would be character witnesses and some of them would testify that other men have been caught in acts of homosexuality and have not been prosecuted.'' The court offered to have three character witnesses subpoenaed. Appellant refused to give the names of three witnesses, saying ''I am subpoenaing 59 witnesses here. If I cannot I am denied due process of law.''

█ It is clear that the court offered to summon the maximum number of character witnesses asked by counsel. This offer was refused. The judge was not required to look beyond the request of qualified counsel to the much larger demand of his client. █ Furthermore, the court may limit cumulative evidence upon a single issue (*People* v. *Burke,* 18 Cal.App. 72, 89-90 [122 P. 435] ; *People* v. *Casselman,* 10 Cal.App. 234 [101 P. 693] ; *People* v. *Young,* 136 Cal.App. 699, 706 [29 P.2d 440]).

█ Nor was the court required to call witnesses who would testify only that some others had not been prosecuted for like offenses. (*In re Finn,* 54 Cal.2d 807, 813 [8 Cal.Rptr. 741, 356 P.2d 685].) We find no error.

We have reviewed the other claims of error by appellant, and find them without merit. Appellant's brief questions the absence of a transcript of the proceedings on motion for new trial. On our own motion, we have augmented the record to include that transcript. We have reviewed it and the entire record originally presented to us. We find no error.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied July 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied August 15, 1962.