[Crim. No. 7768.   In Bank.   July 2, 1964.]

In re WALTER NASH on Habeas Corpus.

————————

*The agreement was made on April 1, 1958, and plaintiff became a director of B.F.I. on May 1, 1958.

Walter Nash, in pro. per., and Harry A. Ackley, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Respondent.

TRAYNOR, J.—A jury found petitioner guilty of forcible rape (Pen. Code, § 261, subd. 3), and the trial court denied his motion for a new trial and sentenced him to prison. He appealed and requested that the District Court of Appeal for the Third Appellate District appoint counsel to represent him. That court appointed counsel who studied the record, consulted with petitioner, and interviewed petitioner's trial counsel and the trial court clerk and reporter. He then wrote to the appellate court and to petitioner stating that in his opinion there were no meritorious grounds of appeal. The appellate court also informed petitioner of his counsel's determination and advised him that he might file a brief in propria persona. It denied his request for the appointment of other counsel on appeal. Thereafter petitioner filed an opening brief, the Attorney General filed a reply brief, and petitioner filed a closing brief. He wrote the counsel who had been appointed to represent him on appeal and requested that he file a supplemental brief and argue the appeal orally. Counsel refused his requests, and the appeal was submitted without oral argument by either side. The appellate court affirmed the judgment (*People* v. *Nash,* 216 Cal.App.2d 491 [31 Cal.Rptr. 195]) and denied a rehearing. This court denied a hearing. Petitioner then sought a writ of certiorari from the United States Supreme Court, and that court requested the Attorney General to file a response in the light of·

*Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]. Thereafter on January 13, 1964, the United States Supreme Court denied the petition for a writ of certiorari. (*Nash* v. *California*, 375 U.S. 988 [84 S.Ct. 522, 11 L.Ed.2d 475].)

On February 18, 1964, petitioner filed this petition for a writ of habeas corpus alleging that he had been denied his constitutional right to effective assistance of counsel at his trial and on his appeal. We issued an order to show cause.

At his trial petitioner admitted that he had had sexual intercourse with the prosecuting witness late at night in his automobile after they had visited various places during the course of the evening. He testified, however, that she consented to the act. She testified that she did not consent, that she attempted to escape across a muddy field, and that petitioner caught her and carried her back to his car and overcame her resistance by force. After the rape petitioner returned the prosecuting witness to her grandmother's home, where she was living. She immediately telephoned her mother in her grandmother's presence and stated that petitioner had raped her. The police were called, and the prosecuting witness directed them to petitioner's apartment. It was then about 3 a.m. Petitioner's car was parked outside and the hood was warm although the weather was cold and wet. One of the officers repeatedly knocked on petitioner's door and identified himself, but he received no response. The noise aroused the landlady, who on learning why the officers were there, gave them a key to petitioner's apartment. They unlocked the door and went in. Petitioner had on pajama bottoms and a T-shirt, and the officers saw muddy slacks and damp and muddy shoes in the room. They told petitioner that the prosecuting witness had accused him of rape and took him outside to the police car to confront her. She identified him as her assailant. Petitioner denied to the officers that he knew her and told them that he had not been out of the apartment since 5 p.m. on the day before. The officers arrested petitioner and took him to jail.

It appears from the record that petitioner was forcefully and ably represented at his trial by the assistant public defender. He contends, however, that he was denied effective assistance of counsel on the grounds that his counsel failed to object to the introduction of illegally obtained evidence and failed to introduce evidence to impeach the prosecuting witness.

■ With respect to the assertedly illegally obtained evidence, petitioner alleges in his petition that ''The officers searched the defendant and his room, and after they found certain articles of clothing they placed him under arrest. The evidence from the search was introduced and admitted at petitioner's trial. The introduction of the evidence was not objected to.'' Neither the officers nor the petitioner testified at the trial, however, that any search was made of petitioner's room, and the clothing the officers observed when they entered the room was neither offered nor introduced into evidence. It was not seized at the time of the arrest and whether it was ever taken from the apartment does not appear. The record establishes that the officers had reasonable cause to arrest petitioner before they entered his apartment. They lawfully entered his room to arrest him and could therefore properly testify to what they observed in the room. (*People* v. *Roberts,* 47 Cal.2d 374, 379 [303 P.2d 721].) If, as petitioner contends, the officers conducted a search that could not be justified as incident to his lawful arrest, no evidence of it or its products was introduced at his trial. Accordingly, his contention that his counsel improperly failed to object to the introduction of illegally obtained evidence is totally devoid of merit.

■ With respect to counsel's assertedly improper failure to introduce evidence to impeach the prosecuting witness, petitioner alleges that the prosecuting witness was on parole for another criminal offense at the time of the trial and committed burglary four days after she testified and that his counsel failed to introduce evidence of these facts. From the respondent's return it appears that the prosecuting witness was adjudged a ward of the juvenile court and committed to the custody of her mother about two months before the alleged rape. At the time she was made a ward of the court she was just under 18 years of age and the adjudication was based on a finding that she had taken an automobile in violation of Vehicle Code, section 10851 and had committed grand theft in violation of Penal Code, section 487, subdivision 1. The alleged burglary was from a parked automobile and took place after the verdict finding petitioner guilty was returned. The charge was later reduced to petty theft.

In the absence of special circumstances such as were present in *People* v. *Murphy,* 59 Cal.2d 818, 831-832 [31 Cal. Rptr. 306, 382 P.2d 346], evidence of the juvenile court adjudication and the facts on which it was based was not

admissible to impeach the prosecuting witness. (*People* v. *Hoffman,* 199 Cal. 155, 159 [248 P. 504]; *People* v. *Hamilton,* 60 Cal.2d 105, 116-117 [32 Cal.Rptr. 4, 383 P.2d 412]; *People* v. *Gomez,* 152 Cal.App.2d 139, 142-143 [313 P.2d 58]; Welf. & Inst. Code, § 503; Code Civ. Proc., § 2051.) Moreover, defense counsel obviously could not introduce evidence of a burglary that had not yet occurred. He made the best use he could of the prosecuting witness's record by pointing out to the trial court that her record was before the court in the probation report and urging that in the light of that record, the court should resolve the conflicts in the evidence in petitioner's favor and grant the motion for a new trial.

Petitioner contends that he was denied effective representation of counsel on appeal when the counsel appointed to represent him informed the court that he could find no meritorious grounds of appeal and refused to file a brief or argue the case orally. He contends that the appellate court should have appointed another counsel to represent him or, at least, formally relieved counsel of his assignment and offered petitioner the opportunity personally to present oral as well as written argument.

In *Douglas* v. *State of California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], the United States Supreme Court held that it was a denial of equal protection of the laws to refuse to appoint counsel to represent an indigent defendant on his appeal from a criminal conviction. (See also *Vasquez* v. *District Court of Appeal,* 59 Cal.2d 585, 586-587 [30 Cal.Rptr. 467, 381 P.2d 203].) We believe that the requirement of the *Douglas* case is met, however, when, as in this case, counsel is appointed to represent the defendant on appeal, thoroughly studies the record, consults with the defendant and trial counsel, and conscientiously concludes that there are no meritorious grounds of appeal. If thereafter the appellate court is satisfied from its own review of the record in the light of any points raised by the defendant personally that counsel's assessment of the record is correct, it need not appoint another counsel to represent the defendant on appeal and may properly decide the appeal without oral argument. (See *Federal Communications Com.* v. *WJR,* 337 U.S. 265, 276, 283-284 [69 S.Ct. 1097, 93 L.Ed. 1353, 1360, 1364-1365]; *Dyke Water Co.* v. *Public Utilities Com.,* 56 Cal.2d 105, 125 [14 Cal.Rptr. 310, 363 P.2d 326].)

This procedure, which was adopted by the District Court of Appeal in this case, afforded petitioner substantially the

same representation by counsel on appeal as is afforded indigent federal prisoners seeking to appeal in forma pauperis. (See *Coppedge* v. *United States,* 369 U.S. 438, 446 [82 S.Ct. 917, 8 L.Ed.2d 21, 28-29]; *Ellis* v. *United States,* 356 U.S. 674, 675 [78 S.Ct. 974, 2 L.Ed.2d 1060, 1061]; *Johnson* v. *United States,* 352 U.S. 565, 566 [77 S.Ct. 550, 1 L.Ed.2d 593, 594]; *United States* v. *Pravato,* 282 F.2d 587, 591; *Porter* v. *United States,* 272 F.2d 695; see also *State* ex rel. *White* v. *Hilgemann,* 218 Ind. 572, 578-579 [34 N.E.2d 129]; *People* v. *Brown,* 55 Cal.2d 64, 73-74 [9 Cal.Rptr. 816, 357 P.2d 1072], concurring opinion; *People* v. *Linden,* 204 Cal.App.2d 745 [22 Cal.Rptr. 633].) Admittedly, it does not insure exact equality between indigent defendants and those who have ample funds to retain counsel, for undoubtedly a defendant with sufficient funds could ultimately find counsel to brief and argue even the most frivolous appeal. Exact equality, however, is impossible to attain (see *McGarty* v. *O'Brien,* 188 F.2d 151, 155, 157; *United States* v. *Baldi,* 192 F.2d 540, 547, affd. 344 U.S. 561, 568 [73 S.Ct. 391, 97 L.Ed. 549, 556]), and the United States Supreme Court recognized in the *Douglas* case that it is not required; that only "invidious discrimination" denies equal protection. (*Douglas* v. *State of California,* 372 U.S. 353, 356-357 [83 S.Ct. 814, 9 L.Ed.2d 811, 814]; see also *Norvell* v. *Illinois,* 373 U.S. 420, 423-424 [83 S.Ct. 1366, 10 L.Ed.2d 456, 459].) Competent counsel was appointed to represent petitioner on appeal. He was not subject to invidious discrimination because neither that counsel nor the District Court of Appeal could discover a meritorious ground of appeal and the court therefore refused to appoint another counsel to represent him.

The order to show cause is discharged and the petition is denied.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.