[Crim. No. 11161.   In Bank.   Oct. 3, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. PHILLIP K. FEGGANS, Defendant and Appellant.

Phillip K. Feggans, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Michael J. Phelan, Joyce F. Nedde and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

TRAYNOR, C. J.—A jury found defendant guilty on two counts of first degree robbery (Pen. Code, § 211), and the trial court imposed consecutive sentences for the term provided by law. Defendant appealed, and upon his request the Court of Appeal for the First Appellate District appointed counsel to represent him. Counsel informed defendant and the court by letter that after thorough study of the record, discussion with defendant and his trial counsel, and research

on the legal points raised, he concluded there was no merit in the appeal. He requested and was given permission to withdraw from the case. (See *In re Nash,* 61 Cal.2d 491, 495 [39 Cal.Rptr. 205, 393 P.2d 405].) The court gave defendant 30 days in which to file a brief. He filed an opening and a closing brief and the Court of Appeal affirmed the judgment in an opinion certified for nonpublication under rule 976, California Rules of Court. (*People* v. *Feggans,* 1 Crim. 5220.) Defendant filed a petition for hearing in propria persona, which we granted because it appeared that defendant had been denied the assistance of counsel on appeal required by *Anders* v. *California,* 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]. We appointed new counsel to represent defendant in this court.

On December 23, 1964, Emmet Candland, the clerk in charge of a liquor store in Berkeley was robbed. He testified that the robber entered the store at 7:30 a.m. and bought a package of gum. He left the store and returned at 8 a.m. At that time there was a customer in the store. The robber took a gun from a shoulder holster and told Candland to give him all the money in the store. Candland gave the robber $91 from the cash register and $208 from a back room. Another customer entered the store; the robber warned Candland and his customers not to telephone the police and then left. Candland started to telephone the police, but while the telephone was ringing the robber came back into the store, told Candland to get away from the telephone and warned the three men again. Candland decided to wait a short time before telephoning the police, and while he was waiting the robber entered the store again. This time the robber hit one of the customers on the head and took his wallet. The robber left again and did not return. The two customers testified to the same course of events. They had ample time to see the robber.

On December 30, 1964, Thomas Eaton, the attendant in charge of a Chevron service station in Oakland, was robbed. He testified that at 8:20 p.m. the robber drove up in a Buick hardtop sedan, pointed a gun at him, gave him a paper bag and told him to put the station's money in the bag. The robber took $107. Eaton called the police immediately after the robber left and gave them a description of the car and the license plate number.

Defendant was arrested at 8:45 that same night when he was found at a house in San Francisco during a police raid. The officers had information that narcotics were sold and stolen property received on the premises. When the officers

found defendant in a bedroom, he dropped a gun, holster and belt to his feet. A search incident to his arrest produced a key that fitted a Buick sedan with the same license plate number as the vehicle used in the service station robbery.

Candland and the two customers at the liquor store identified defendant as the robber at a police showup and at the trial. Eaton also identified defendant at the same police showup and at the trial.

Defendant was ably represented at the trial. He contends, however, that he was denied effective assistance of counsel on appeal when his appointed counsel informed the court that there was no merit in his appeal and withdrew from the case. In *Anders* v. *California, supra,* 386 U.S. 738, the United States Supreme Court held unconstitutional the no-merit letter procedure we had set forth in *In re Nash, supra,* 61 Cal.2d 491, 495, for regulating the appointment of counsel for indigent appellants. Relying on *Eskridge* v. *Washington Prison Board,* 357 U.S. 214 [2 L.Ed.2d 1269, 78 S.Ct. 1061], and *Lane* v. *Brown,* 372 U.S. 477 [9 L.Ed.2d 892, 83 S.Ct. 768], the court concluded that the no-merit letter procedure unconstitutionally conditioned an indigent's right of appeal (see *Douglas* v. *California,* 372 U.S 353 [9 L.Ed.2d 811, 83 S.Ct. 814] ; *Draper* v. *Washington,* 372 U.S. 487 [9 L.Ed.2d 899, 83 S.Ct. 774] ) and did not afford him the representation the Constitution demands. ■ Under *Anders,* regardless of how frivolous an appeal may appear and regardless of how convinced appointed counsel as an advocate may be that there is nothing to advocate, a no-merit letter will not suffice. Counsel must prepare a brief to assist the court in understanding the facts and the legal issues in the case. The brief must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropr'ate authority, and argue all issues that are arguable. Moreover, counsel serves both the court and his client by advocating changes in the law if argument can be made supporting change. If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client. Counsel is not allowed to withdraw from the case until the court is satisfied that he has discharged his duty to the court and his client to set forth adequately the facts and issues involved. If counsel is allowed to withdraw, defendant must be given an opportunity to present a brief, and there-

after the court must decide for itself whether the appeal is frivolous. (*Anders* v. *California, supra,* 386 U.S. 738, 741-742 [18 L.Ed.2d 493, 497-498, 87 S.Ct. 1396]; *Ellis* v. *United States,* 356 U.S. 674, 675 [2 L.Ed.2d 1060, 1061, 78 S.Ct. 974].) If any contention raised is reasonably arguable, no matter how the court feels it will probably be resolved, the court must appoint another counsel to argue the appeal.

Counsel appointed by the Court of Appeal in this case raised seven points in his letter to the court, some that were based on discussions with defendant, and others on a study of the record. In answering each point he sought to show the court that it had no merit. He did not set forth the relevant facts, he cited no applicable authorities, he argued the case against defendant, and he determined to withdraw from the case on the basis of the merits of the points raised, not on whether they were frivolous. Such representation did not constitute the assistance of counsel required by *Anders.* The case has now been briefed and argued, however, by new counsel appointed by this court.

Defendant testified that he did not commit either robbery. He was positively identified at the police showup and at the trial by all the witnesses to the crimes. At the showup, however, he did not have the assistance of counsel, a right that it has since been determined is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (*United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926]; *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951].) ▇ The question presented, therefore, is whether we should apply the rule of the *Wade* and *Gilbert* cases to all cases still pending or restrict that rule to showups occurring after *Wade* and *Gilbert* were decided on June 12, 1967. Showups conducted before that date in which defendants did not have the assistance of counsel "threaten to be of significant quantity" (*People* v. *Rivers,* 66 Cal.2d 1000, 1004 [59 Cal.Rptr. 851, 429 P.2d 171]), and we conclude that the same reasons that led the Supreme Court in *Stovall* v. *Denno,* 388 U.S. 293, 296 [18 L.Ed. 2d 1199, 1203, 87 S.Ct. 1967] to permit prospective operation of *Wade* and *Gilbert* as a matter of constitutional law dictate that they also should operate prospectively as a matter of state law. (See *People* v. *Rivers, supra,* 66 Cal.2d 1000; *People* v. *Charles,* 66 Cal.2d 330 [57 Cal.Rptr. 745, 425 P.2d 545]; *People* v. *Rollins,* 65 Cal.2d 681, [56 Cal.Rptr. 293, 423 P.2d 221].) ▇ As in the *Stovall* case, however,

we have scrutinized the record with respect to the showup to determine whether defendant was denied due process by the part the showup played in his conviction. Two of the witnesses were shown four or five pictures including defendant's before the showup and identified him from the pictures as well as at the showup. There is no evidence that the pictures were used to prime the witnesses to identify defendant, and the showup itself appears to have been conducted with scrupulous regard for fairness. The procedure did not deny defendant due process.

We have considered and reviewed the contentions raised by defendant in his briefs in propria persona and those raised by counsel and find nothing to require further discussion.

The judgment is affirmed.

McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

PETERS, J.—I dissent.

I cannot agree that, under state law, it should be held that the right to counsel at a lineup, announced in *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], should not apply to cases pending when these decisions were announced. The rule of *Stovall* v. *Denno,* 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967], holding such decisions are purely prospective is not binding on state courts, and should not, in my opinion, be followed here.

I have already expressed my disagreement with the majority of this court over their determinations on the issue of retroactivity of criminal cases. (See my dissents in *People* v. *Rollins,* 65 Cal.2d 681, 693 [56 Cal.Rptr. 293, 423 P.2d 221] and *People* v. *Rivers,* 66 Cal.2d 1000, 1005 [59 Cal.Rptr. 851, 429 P.2d 171].)

This is another in a whole series of cases dealing with the troublesome problem of the effective date of criminal decisions relating to constitutional rights. For many years the high court had held that its decisions in this field were wholly retroactive. (*Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *Hamilton* v. *Alabama,* 368 U.S. 52 [7 L.Ed.2d 114, 82 S.Ct. 157]; *Douglas* v. *California,* 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].) Then this court (*In re Lopez,* 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d

380]) and the United States Supreme Court (*Linkletter* v. *Walker*, 381 U.S. 618 [14 L.Ed.2d 601, 85 S.Ct. 1731] ; *Tehan* v. *Shott*, 382 U.S. 406 [15 L.Ed.2d 453, 86 S.Ct. 459]) discovered the device of making its decisions in criminal cases partially prospective, by holding that they applied only to pending appeals. Then the United States Supreme Court approached pure prospective operation when it held in *Johnson* v. *New Jersey*, 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772], that the rules announced the week before in *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], should apply only to cases tried after the date *Miranda* was decided, although the constitutional evasion took place before *Miranda* was decided. In the *Johnson* case the high court also announced that its rulings in *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], were prospective in that they applied only to cases tried after *Escobedo* was decided. Then in *Stovall* v. *Denno, supra*, 388 U.S. 293, the court reached pure prospective operation by holding that the lineup rules announced in *United States* v. *Wade, supra*, 388 U.S. 218, and *Gilbert* v. *California, supra*, 388 U.S. 263, should apply only to cases where the lineup was held after June 12, 1967, the date on which these cases were decided.

So far as federal law is concerned those cases are, of course, binding upon us. But in adopting its various rules of partially or wholly prospective operation the high court was careful to announce that the states were free to adopt more stringent rules of retroactivity if they so desired. (*Johnson* v. *New Jersey, supra*, 384 U.S. 719.) The California Supreme Court quickly accepted this invitation when it held in *People* v. *Rollins, supra*, 65 Cal.2d 681, that we would not follow the high court as to the effective date of *Escobedo* v. *Illinois, supra*, 378 U.S. 478, holding, contrary to the United States Supreme Court, that it applied to pending appeals as a matter of state law, but would follow it as to the effective date of *Miranda* v. *Arizona, supra*, 384 U.S. 436.

The attitude of this court, as a matter of state law, toward retroactivity was clearly demonstrated when it was faced with the question whether the rules announced in *People* v. *Aranda*, 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], applied to cases tried before *Aranda* but pending on appeal when that case was decided. In *People* v. *Charles*, 66 Cal.2d 330 [57 Cal.Rptr. 745, 425 P.2d 545], we held that the newly

discovered rules, not involving federal constitutional rights, applied to all cases not yet final when *Aranda* was decided.

Thus, we have been reluctant in the past to follow the Supreme Court of the United States on the issue of retroactivity. We should be reluctant to follow it on the lineup problem. We should not blindly follow it on that issue. In my opinion, to be consistent, the very least we should hold is that *Wade* and *Gilbert* apply to pending appeals. These cases deal with the fundamental and constitutional right of counsel. If *Escobedo* (which involves the right to counsel at interrogation), under state law, is to apply to pending cases, then the right of counsel involved in the lineup cases should also apply to pending appeals. If, under state law, the rules announced in *Aranda*, are to apply to pending cases, then the more important right here involved should also apply to pending cases.

There is no consistency in what this court is doing on this issue. Certainly no general principle has been announced that will settle whether criminal law decisions are to be retroactive or prospective. What the court is doing is to leave that determination to be made case by case. That, in my opinion, is not an intelligent way for the law to develop.

I would hold that the lineup rule, under state law, is retroactive at least to the extent that it applies to pending cases.