2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James F. PIFER, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden, Respondent, Appellee.
 No. 92-15923.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided Aug. 2, 1993.
 
 Before FAIRCHILD** BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 James F. Pifer was convicted of and sentenced for first degree murder and robbery, with use of a firearm. Cal.Penal Code Secs. 187, 211, 12022.5. At trial, witness testimony revealed that Pifer entered a pizza shop and sat at the bar until closing time. He then produced a pistol and bag and demanded money from the counterman. As he was leaving, he shot and killed a customer who had ignored his demands to lie down on the floor. Both the counterman and a customer identified Pifer at trial. This identification was corroborated by the presence of Pifer's fingerprints on a beer mug found at the bar.
 
 
 3
 At trial, Pifer's counsel cross-examined each of the prosecution's witnesses. He rested at the close of the prosecution's case without offering evidence and without bringing any witnesses on Pifer's behalf. Counsel did request second degree murder and diminished capacity instructions, apparently due to Pifer's heavy cocaine use. The trial court found no evidence to support such instructions and denied counsel's request.
 
 
 4
 On appeal, Pifer, represented by different counsel, argued ineffective assistance of trial counsel due to counsel's failure to object to evidence, attack identification procedures, request jury instructions, make motions or present a defense. Counsel attached a declaration to the opening brief, stating that he "diligently searched the record [o]n appeal, talked, to Mr. Pifer's trial attorney, and corresponded with Mr. Pifer regarding his trial and this appeal and can only discern one possible issue on appeal, ineffective assistance of counsel, which, under prevailing standards is weak at best." Appellate counsel requested consideration of the brief pursuant to People v. Feggans, 67 Cal.2d 444 (1967), and that Pifer be given 30 days in which to assert additional issues. On April 7, 1978, the California Court of Appeals affirmed Pifer's conviction, finding his claim of ineffective assistance to be "entirely unsupported by the record." Pifer did not seek review in the California Supreme Court.
 
 
 5
 Ten years later, Pifer sought habeas review in Kern County Superior Court. The court denied this petition for relief on April 20, 1988. Pifer filed a federal habeas petition, which was denied without prejudice for failure to exhaust state remedies. Pifer v. Bunnell, C-88-2984 WHO (N.D.Cal. May 31, 1989). Pifer filed a second petition in the California Supreme Court. This petition was summarily denied on September 20, 1989. Pifer then filed the present petition for habeas relief on October 3, 1989. The district court declined to hold an evidentiary hearing and denied Pifer's petition based on the record before it. The district court wrote a 12-page order, evidently examining the state court record. Pifer v. Bunnell, CV-89-3564 DLJ (N.D.Cal. March 30, 1992). On appeal, Pifer raises ineffective assistance of counsel claims both as to his trial counsel and appellate counsel. He additionally contends that the district court erred in denying his motion for an evidentiary hearing.
 
 DISCUSSION
 A. Ineffective Assistance of Trial Counsel
 
 6
 Pifer claims ineffective assistance of his trial counsel. In particular, Pifer contends that counsel failed to introduce evidence or bring forward witnesses; that counsel did not allow Pifer to testify; that counsel failed to object to the felony-murder instruction; and that counsel failed to investigate or request the appointment of an investigator. Under the familiar Strickland two prong test, Pifer must (1) show that the attorney's errors or omissions reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney, and (2) affirmatively establish prejudice as a result of the attorney's conduct. Strickland v. Washington, 466 U.S. 668, 687-89 (1984); United States v. Murray, 751 F.2d 1528, 1534 (9th Cir.), cert. denied, 474 U.S. 979 (1985); Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992). The burden is on the petitioner to demonstrate that counsel's performance was deficient and that he was prejudiced. Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990). We "strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes, 898 F.2d at 702.
 
 
 7
 Pifer provides no support for his contentions. He does not indicate what evidence his counsel should have introduced at trial, which witnesses his counsel should have called, what he would have testified to had his counsel allowed him to testify, or what facts would have been discovered had an investigator been appointed. Absent such a showing, we cannot conclude that counsel's conduct reflects a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney.
 
 
 8
 In addition, Pifer contends that his trial counsel should have pursued a diminished capacity defense, apparently due to his cocaine use at the time of the crime. He states that this defense would have been clear had his counsel sought the appointment of a psychiatrist. The evidence clearly demonstrated that Pifer produced a pistol and a bag and instructed the counterman to give him the money in the cash register. There is no evidence on which to base a claim that he had a diminished capacity to commit the robbery. Because the murder conviction rested on a killing in the course of a robbery, his mental state regarding murder is irrelevant. Pifer has failed to demonstrate that counsel's failure to pursue this theory of defense was prejudicial to him.
 
 
 9
 Pifer also attacks the court's failure to give second degree murder and diminished capacity jury instructions. This claim was not raised on direct appeal and therefore Pifer is procedurally barred from raising this claim here, absent a showing of cause and prejudice. We need not reach that question, however, because Pifer had not demonstrated facts in the record to support the submission of these instructions to the jury.
 
 
 10
 B. Ineffective Assistance of Appellate Counsel
 
 
 11
 Pifer claims that his appellate counsel was ineffective in representing him on direct appeal. He first contends that appellate counsel made false statements in his appellate brief, and that these errors demonstrate his unfamiliarity with the record. The district court examined the appellate brief and concluded that counsel was familiar with the facts of Pifer's case. We have reviewed the appellate brief, and agree with the district court's conclusion. We are not persuaded that counsel's representation reflects a failure to exercise the diligence of a reasonably competent attorney. In any event, having failed to demonstrate ineffective assistance of his trial counsel, Pifer can show no prejudice resulting from appellate counsel's conduct.
 
 
 12
 Pifer additionally contends that his appellate counsel failed to argue that the court should have instructed on second degree murder and diminished capacity. Because there was no factual support for such an instruction (see above), counsel's decision not to pursue such a claim does not demonstrate ineffective assistance.
 
 C. Request for an Evidentiary Hearing
 
 13
 Pifer contends that the district court erred in denying his motion for an evidentiary hearing. Pifer has not demonstrated in this appeal how the existing record was insufficient for the court to rule on his petition without benefit of an evidentiary hearing. The district court's decision not to hold an evidentiary hearing was not an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 Based on the above discussion, we
 
 14
 AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3