[No. G016858. Fourth Dist., Div. Three. Nov. 30, 1995.]

In re KAYLA G., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
KEVIN J., Defendant and Appellant.

COUNSEL

Jane Winer, under appointment by the Court of Appeal, for Defendant and Appellant.

Terry C. Andrus, County Counsel, and Margaret E. Eastman, Deputy County Counsel, for Plaintiff and Respondent.

Stephen S. Buckley, under appointment by the Court of Appeal, for the Minor.

OPINION

RYLAARSDAM, J.—In this case, Kevin J.'s parental rights were terminated at a selection and implementation hearing (Welf. & Inst. Code, § 366.26). He exercised his statutory right to appeal. Because he is unable to afford counsel, this court appointed a competent attorney to represent him at taxpayer's expense (Cal. Rules of Court, rule 1435(b); *In re Simeth* (1974) 40 Cal.App.3d 982, 984 [115 Cal.Rptr. 617]) and provided him with a record at no cost (Welf. & Inst. Code, § 395). Counsel filed an opening brief providing us with an adequate summary of the facts. She did not argue against her client but advised us she found no issues to assert on appellant's behalf and requested we independently review the record for error, as is required in criminal appeals under *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] (*Wende*).

We recognize our obligation to provide independent review of the record in criminal cases because of the mandate imposed upon us by the California Supreme Court in *Wende*. ▮▮▮ However, neither the United States Constitution nor any decision of the California Supreme Court compels us to extend the *Wende* procedures to judgments terminating parental rights.

DISCUSSION

*The Anders Decision and California's Response*

In *Douglas* v. *California* (1963) 392 U.S. 799 [9 L.Ed.2d 811, 83 S.Ct. 814], a companion case to *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], the United States Supreme Court held an indigent criminal defendant has a constitutional right to appointed counsel on a first appeal as a matter of right. (*Douglas, supra,* at p. 355 [9 L.Ed.2d at p. 813].) Prior thereto, California's procedure provided

for the appointment of such counsel only when the appellate court, *after an independent review of the record,* determined such appointment would be of value to the defendant or the court. (*People* v. *Hyde* (1958) 51 Cal.2d 152, 154 [331 P.2d 42].)

The discord between the absolute right of the indigent defendant to the appointment of counsel and the duty of such counsel not to pursue a frivolous appeal was initially resolved in California in *In re Nash* (1964) 61 Cal.2d 491 [39 Cal.Rptr. 205, 393 P.2d 405], which held appointed counsel could, by letter, inform the court ". . . he could find no meritorious grounds of appeal and refuse[] to file a brief or argue the case orally." (*Id.* at p. 495.) If, following receipt of such advice, the court itself reviewed the record and determined counsel's advice was correct, the requirements announced in *Douglas* would be satisfied. (*Ibid.*)

In *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] (*Anders*) the Supreme Court expressly disapproved the procedure described in *Nash*, holding it violated the indigent defendant's right to have counsel act as an "active advocate." (*Id.* at p. 744 [18 L.Ed.2d at p. 498].) Instead, *Anders* mandated a procedure whereby counsel, after determining the appeal was frivolous, must "so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (*Ibid.*)

Justice Traynor, writing for the California Supreme Court in *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], adopted the procedure outlined in *Anders.* Counsel were to file a brief which "must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable. . . . If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw . . . . If counsel is allowed to withdraw, defendant must be given an opportunity to present a brief, and thereafter the court must decide for itself whether the appeal is frivolous." (*Id.* at pp. 447-448.)

Thirteen years later, the California Supreme Court in *Wende* reinterpreted *Feggans* and *Anders* to require independent judicial review of the *entire record* as distinguished from *the proceedings.* "We conclude that *Anders*

requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441.) Justice Clark, noting the distinction between a review of the proceedings, as mandated by *Anders,* and a review of the entire record for error, dissented and noted "The majority today effectively designate our already overburdened Courts of Appeal as cocounsel to indigents convicted of crime on unassailable records." (*Id.* at p. 447 (conc. and dis. opn. of Clark, J.).)

Without analyzing either the basis for the *Wende* procedure or the applicability of *Anders* to juvenile dependency and termination of parental rights proceedings, Division One of this court concluded the statutory right to counsel in such cases necessarily entitled indigent parents to the same appellate review as that extended to indigent criminal defendants under *Wende.* (*In re Joyleaf W.* (1984) 150 Cal.App.3d 865, 868-869 [198 Cal.Rptr. 114]; *In re Brian B.* (1983) 141 Cal.App.3d 397, 398 [190 Cal.Rptr. 153].) Recently, other courts have refused to follow this procedure and the issue is currently pending before the California Supreme Court. (See *In re Sade C.* (1995) 41 Cal.App.4th 1642 [44 Cal.Rptr.2d 509], review granted Oct. 19, 1995 (S048796); *In re Angela G.* * (Cal.App.); also see *In re Angelica V.* (1995) 39 Cal.App.4th 1007 [46 Cal.Rptr.2d 295].)

*Wende's Requirement for Independent Judicial Review of the Record Is Not Compelled by Anders*

■    The *Wende* court's conclusion that, if appointed counsel determines the appeal is frivolous, the court must independently search the entire record for error, rests upon the interpretation of a single, admittedly somewhat ambiguous word in *Anders.* In the latter case, the Supreme Court noted the appellate court must decide whether the case is "wholly frivolous" after the court conducts "a full examination of all the proceedings." (*Anders, supra,* 386 U.S. 738, 744 [18 L.Ed.2d 493, 498].)

*Wende* and its progeny interpret "proceedings" to be coextensive with the "record," thus requiring a full examination of the record below. However, the word "proceedings" in *Anders* should be viewed in the light of the context in which the Supreme Court used it. Immediately preceding the imposition of the requirement there be "a full examination of all the proceedings," the court describes and refers to the "proceedings" which precede the dismissal of the appeal: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be

---

*Reporter's Note: Review granted June 15, 1995 (S046327). Review dismissed December 14, 1995, and cause remanded to Court of Appeal, First Appellate District, Division Four.

accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the *proceedings*, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . ." (*Anders, supra*, 386 U.S. 738, 744 [18 L.Ed.2d 493, 498], italics added.)

It should first be noted that requiring counsel to refer "to anything in the record which might arguably support the appeal," would be superfluous if the appellate courts are also to engage in an independent review of the record to determine whether error could be found. Secondly, the use of "record" and "proceedings" in such close conjunction suggests the court meant for these words to mean something different. Therefore, we conclude the court intended the appellate court to review the "proceedings" as outlined in the brief required to be filed by appointed counsel and on such additional points as may be raised by the indigent defendant.

This conclusion is further supported by footnote 3 to *Anders*, where the court references the review procedures then being followed in the United States Court of Appeals for the District of Columbia Circuit. (*Anders, supra*, 386 U.S. 738, 744, fn. 3 [18 L.Ed.2d 493, 498].) Those procedures are explained in *Tate* v. *United States* (D.C. Cir. 1966) 359 F.2d 245 [123 App.D.C. 261] and *Johnson* v. *United States* (D.C. Cir. 1966) 360 F.2d 844 [124 App.D.C. 29].

In *Tate*, which consolidated two otherwise unrelated cases, counsel for each indigent defendant advised the court there was no merit to their appeals, although neither counsel had the benefit of a transcript of the proceedings below. Citing *Hardy* v. *United States* (1964) 375 U.S. 277 [11 L.Ed.2d 331, 84 S.Ct. 424], the court noted an indigent defendant seeking to appeal in forma pauperis, who is not represented by trial counsel, is entitled to a complete transcript. (*Tate* v. *United States, supra*, 359 F.2d at pp. 251, 253.) The cases were reversed with instructions. In the one case where the trial had been reported but not transcribed, the court ordered appellate counsel be provided with a transcript of the proceedings. In the other case, which involved an allegation a guilty plea had been involuntarily obtained, and where no reporter had been present during the trial, the court ordered counsel be appointed on a motion to vacate the plea. The clear import of this opinion is appellate counsel must have an opportunity to review the record for error, not that the court be charged with such a duty.

In *Johnson* v. *United States, supra*, 360 F.2d 844, the court referred to a "Statement to be Handed by the Clerk to Appointed Counsel," which

required such counsel ". . . file a supporting memorandum analyzing the case legally, citing record references to the transcript . . . and also citing any case or cases upon which counsel relied in arriving at his ultimate conclusion." (*Id.* at pp. 844-845, fn. omitted.) The purpose of the memorandum is stated to be to enable the court to "fulfill our responsibility . . . [to] . . . conclude not only that counsel has made a conscientious investigation of the case, but also that we agree with his evaluation of it. We cannot reach such a conclusion in the absence of a fully documented memorandum." (*Id.* at p. 845, fn. omitted.) Again, it is clear, the appellate court reviews the "proceedings" as reflected in counsel's memorandum rather than undertaking its own independent review of the entire record.

Justice Clark, in his dissent to *Wende*, recognized the distinction between a review of the "proceedings" and a review of the "record" when noting, "[c]ontrary to the majority holding, *Anders* imposes no duty on an appellate court to intervene in a defendant's behalf to examine a record for error when counsel has already done so and has submitted a brief similar to that filed in this case. *Anders* requires the appellate court make a full examination of the 'proceedings'—*not record*—determining the merit—if any—of the appeal." (*Wende, supra*, 25 Cal.3d at p. 445 (conc. and dis. opn. of Clark, J.).)

*In re Andrew B.* (1995) 40 Cal.App.4th 825 [47 Cal.Rptr.2d 604] concludes the vast majority of states have adopted the *Wende* procedure. This statement is purportedly supported by quotations from a large number of cases in the appendix to the opinion. However, this conclusion appears to be based in part on a failure to draw the distinction between a review of "proceedings" and a review of the entire record. The terms are used as if they were synonymous, which they are not.

The entire emphasis of *Anders* is on *advocacy*, not on any constitutional requirement the court review the record for error. It should be noted that, in *Anders* the court, in accordance with established procedures, *had* reviewed the record. (*Anders, supra*, 386 U.S. 738, 742 [18 L.Ed.2d 493, 497].) This did not satisfy the constitutional mandate. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." (*Id.* at p. 744 [18 L.Ed.2d at p. 498].)

Subsequent United States Supreme Court decisions support the proposition *Anders* does not mandate the procedure outlined in *Wende*. Four cases, *Jones* v. *Barnes* (1983) 463 U.S. 745 [77 L.Ed.2d 987, 103 S.Ct. 3308], *Pennsylvania* v. *Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539, 107 S.Ct. 1990], *McCoy* v. *Court of Appeals of Wisconsin* (1988) 486 U.S. 429 [100

L.Ed.2d 440, 108 S.Ct. 1895], and *Penson* v. *Ohio* (1988) 488 U.S. 75 [102 L.Ed.2d 300, 109 S.Ct. 346], are discussed and their impact on *Wende* analyzed in *People* v. *Hackett* (1995) 36 Cal.App.4th 1297 [43 Cal.Rptr.2d 219]. *Hackett* notes *Penson* raises serious questions as to whether the *Wende* procedure passes constitutional muster. (*Id.* at pp. 1307-1308.) In *Penson*, the court disapproved a procedure, similar to that adopted under *Wende*, except the Ohio court permitted counsel for the indigent defendant to withdraw without filing a brief. This was followed by the court independently reviewing the record and, upon finding arguable claims, proceeding to adjudicate those claims. *Hackett* asserted the Supreme Court strongly disapproved of this procedure which substituted independent judicial review of the record for the *"absolute imperative of advocacy"* imposed by *Anders*. (*Id.* at p. 1307.)

*Penson* reiterated the *Anders* demand that counsel file a brief " 'referring to anything in the record that might arguably support the appeal.' " (*Penson* v. *Ohio, supra,* 488 U.S. 75, 80 [102 L.Ed.2d 300, 309].) The Ohio court erred in permitting counsel to withdraw without filing such a brief. Such a brief is required for "the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." (*Id.* at pp. 81-82 [102 L.Ed.2d at pp. 309-310] fn. omitted.) *Hackett* points out that *"Penson* makes clear, *Wende* seems to miss the point of *Anders*. The essential point of *Anders* and its progeny is *advocacy*, i.e., the necessity for indigent convicted criminal defendants to have available to them a constitutionally acceptable level of appellate advocacy. *Wende* substitutes for that a 'form' brief (complete with a 'form' declaration of counsel) followed by an 'independent review' by the court and its staff of the record and then maybe more effort by the appointed appellate attorney." (*People* v. *Hackett, supra,* 36 Cal.App.4th at pp. 1309-1310, fn. omitted.)

*Hackett* notes that *U.S.* v. *Griffy* (9th Cir. 1990) 895 F.2d 561, where counsel had presented a *"Wende* brief," equated such a brief with the " 'no merit letter' " expressly invalidated in *Anders*, which " ' "affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." ' " (*People* v. *Hackett, supra,* 36 Cal.App.4th at p. 1310.)

*People* v. *Feggans, supra,* 67 Cal.2d 444, which does not require the reviewing court search the entire record for error, correctly interpreted *Anders*. Counsel's "statement of the facts with citations to the transcript" (*id.* at p. 447) limits the court's review to those cited portions of the record it

deems necessary to conclude whether the appeal is frivolous. Nothing in either *Anders* or *Feggans* imposes a sua sponte obligation on the court to do more.

*The Right to Appointed Counsel Does Not Compel the Right to Independent Judicial Review of the Record*

■ Whether the United States Constitution compels appointment of counsel for indigent parents who may lose their parental rights, is not at issue because California provides a statutory right to such counsel. (Welf. & Inst. Code, §§ 317, subd. (b), 366.26, subd. (f).) However, it is a non sequitur to argue the right to appointed competent counsel mandates judicial assumption of such counsel's duties.

*Wende* presumes, inter alia, independent judicial review is necessary because appointed counsel's representation may have been inadequate. Justice Stewart, in his dissent to *Anders* noted the "cynical assumption that an appointed lawyer's professional representation to an appellate court in a 'no-merit' letter is not to be trusted." (*Anders, supra,* 386 U.S. 738, 746 [18 L.Ed.2d 493, 499] (dis. opn. of Stewart, J.).) The process now employed by the California Courts of Appeal, which involves a second level of review of the record by highly experienced counsel, before a "Wende brief" may be filed, should satisfy the constitutional mandate to provide adequate counsel. (See *People* v. *Hackett, supra,* 36 Cal.App.4th at p. 1311.) Certainly, in this state, the quality of counsel furnished to indigent litigants entitled to appointed counsel, satisfies any constitutional mandate.

The court has the duty to appoint competent counsel. Failure to do so violates the litigant's rights. If there is a concern appointed counsel has failed to competently represent the client, the remedy lies in permitting the litigant to attack such representation, not in compelling judges to discard their constitutional function and assume the role of advocate for one of the parties to the litigation.

*Absent a Constitutional or Judicial Mandate, Policy Favors Wende Review Not Be Extended to Termination of Parental Rights Cases*

*Anders* does not compel us to conduct an independent review of the record and *Wende* extends such review only to criminal cases. Therefore, we are under neither a constitutional nor a judicial mandate to apply *Wende* to other than criminal cases. We are not persuaded policy considerations require we do so in an appeal from a judgment terminating parental rights. Most of these considerations have previously been outlined in *People* v. *Hackett,*

*supra*, 36 Cal.App.4th at pages 1309-1311, in the cases now being reviewed by the California Supreme Court, as well as in three articles[1] cited in *Hackett*. They need only be briefly summarized here.

1. *Wende* review represents a perversion of the judicial function. In the common law tradition, courts impartially adjudicate issues submitted to them by the parties. A court should "respond only to issues raised *to* it, not to issues raised *by* it" (*Wende, supra*, 25 Cal.3d at p. 445 (conc. and dis. opn., Clark, J.).) See also Kelso, *A Report on the California Appellate System, supra*, 45 Hastings L.J. at p. 461.)

2. Because only appeals which raise *no* issues are subject to *Wende* review, counsel may perform a disservice to their clients by raising issues which are unlikely to be successful. By doing so, they prevent their clients from having the benefit of full judicial review of the record. In *State v. Horine* (1983) 64 Or.Ct.App. 532 [669 P.2d 797], the Court of Appeals of Oregon, in discussing *Anders* and *Wende* recognized this anomaly: ". . . the same exercise of judgment that takes place when an attorney finds *one* arguable issue to raise and determines that there are no other non-frivolous issues presented by the case; we see no constitutional distinction between those situations." (*Id.* at p. 547 [669 P.2d at p. 805], fn. omitted.)

3. Although an indigent's right to appointed counsel on appeal is ostensibly based on equal protection grounds, appellants represented by retained counsel are not entitled to *Wende* review. (*People v. Placencia* (1992) 9 Cal.App.4th 422, 428 [11 Cal.Rptr.2d 727].) Again, we refer to the Oregon court which noted: "The indigent appellant certainly has the same right to present an appeal as one who is not indigent, but it is not clear why an indigent should have a right to a more comprehensive appeal process than a non-indigent." (*State v. Horine, supra*, 64 Or.Ct.App. at pp. 543-544 [669 P.2d at p. 803], fn. omitted)

4. *Wende* review is not cost effective and represents a waste of the state's limited resources. (Anderson, *Are the American Bar Association's Time Standards Relevant for California Courts of Appeal?, supra*, 27 U.S.F. L.Rev. at p. 336.)

5. *Wende* review is particularly inappropriate in a case involving termination of parental rights. Any proceeding which delays an ultimate

---

[1] Anderson, *Are the American Bar Association's Time Standards Relevant for California Courts of Appeal?* (1993) 27 U.S.F. L.Rev. 301, 336-339; Kelso, *A Report on the California Appellate System* (1994) 45 Hastings L.J. 433, 460-463; Hager, *An Appeal Losing Appeal* (May 1994) 14 Cal.Law. 43.

resolution in the life of an abused or neglected child is detrimental to this right of the child. The unnecessary and nearly always unproductive delay resulting from independent judicial review of the record for error under *Wende* thus operates against the best interest of children.

CONCLUSION

Notwithstanding the foregoing, in the interest of a speedy resolution of this matter, and because of the interest of litigants in this division to a uniform handling of these cases, we have conducted a thorough review of the record and did not discover any arguably meritorious issues.

The judgment terminating parental rights is affirmed.

Sonenshine, Acting P. J, concurred.

**CROSBY, J.,** Concurring and Dissenting.—I concur in the decision to affirm the judgment terminating Kevin J.'s parental rights, but disagree generally with my colleagues' position concerning *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] and particularly with their view that *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937] does not oblige us to independently examine the record in juvenile dependency appeals when court-appointed counsel is unable to find an arguable issue. My analysis is exhaustively set forth in the companion case filed today (*In re Andrew B.* (1995) 40 Cal.App.4th 825 [47 Cal.Rptr.2d 604), and I will not belabor those points here. I do take this opportunity, however, to make several observations.

The escalating farrago concerning *Wende* review has, with one exception (*People* v. *Hackett* (1995) 36 Cal.App.4th 1297 [43 Cal.Rptr.2d 219]), arisen in the context of juvenile dependency appeals. Apparently they are perceived as the Achilles heel in assault against *Wende* because the right of an indigent parent to appointed counsel in California juvenile dependency proceedings is statutory, while the indigent criminal defendant's right is constitutional. But juvenile dependency appeals are a very small portion of an appellate court's workload. The real goal of *Wende*'s detractors is to eliminate the duty to examine the record in a statistically more significant area—criminal appeals. Accordingly, I take the majority's bait and primarily address that issue.

As I read my colleagues' decision, they conclude *Wende* review is not constitutionally compelled in juvenile dependency appeals because it is not, and should not be, constitutionally compelled in criminal appeals. They assert, ". . . the California Supreme Court in *Wende* reinterpreted [*People*

v.] *Feggans* [(1967) 67 Cal.2d 444 (62 Cal.Rptr. 419, 43 P.2d 21)] and *Anders* [v. *California* (1967) 386 U.S. 738 (18 L.Ed.2d 493, 87 S.Ct. 1396)] to require independent judicial review of the *entire record* as distinguished from *the proceedings*" (maj. opn. *ante*, at pp. 881-882) and conclude the United States Supreme Court never intended its statement in *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] that "the court—not counsel [conduct] a full examination of all the *proceedings*" (*id.* at p. 744 [18 L.Ed.2d at p. 498], italics added) to be interpreted as requiring a reviewing court to conduct a full examination of the *record*. This view, of course, is not new: It was the basis for Justice Clark's dissent in *Wende* itself. (*People* v. *Wende*, *supra*, 25 Cal.3d at pp. 445-447 (conc. and dis. opn. of Clark, J.).) But a casual perusal of post-*Anders* decisions across the country demonstrates the United States Supreme Court unequivocally intended "proceedings" to mean "record."

Nowhere is the point more forcefully made than in *Penson* v. *Ohio* (1988) 488 U.S. 75 [102 L.Ed.2d 300, 109 S.Ct. 346]: "[T]he Court of Appeals should not have acted on the motion to withdraw before it made its *own examination of the record* to determine whether counsel's evaluation of the case was sound. This requirement was plainly stated in *Ellis* v. *United States*, 356 U. S. 674, 675 (1958) [2 L.Ed.2d 1060, 1061-1062, 78 S.Ct. 974], it was repeated in *Anders*, 386 U. S., at 744, and it was reiterated last Term in *McCoy* [v. *Court of Appeals of Wisconsin* (1988)], 486 U. S., [429] at 442 [100 L.Ed.2d 440, 108 S.Ct. 1895]." (*Id.* at pp. 82-83 [102 L.Ed.2d at p. 310], italics added, fn omitted.) In the footnote appended to this excerpt, the court added, "Obviously, a court cannot determine whether counsel is in fact correct in concluding that an appeal is frivolous *without itself examining the record* for arguable appellate issues."[1] (*Id.* at p. 83, fn. 6 [102 L.Ed.2d at p. 310], italics added.)

Federal courts and more than 30 other states acknowledge and accept this view. The quotations included in the appendix to *In re Andrew B.*, *supra*, 40 Cal.App.4th 825 are not intended as filler. They were carefully chosen to demonstrate that courts in other jurisdictions recognize the reviewing court's duty under *Anders* is to examine nothing less than the *record*.

Moreover, 16 months *before* the Supreme Court rendered its decision in *Wende*, the Court of Appeal expressed its clear understanding of the duty

---

[1]My colleagues are not the only ones to have overlooked this clear admonition in *Penson*. The same omission appears in at least one law review article: "While the United States Supreme Court has not specifically addressed it, the court's duty to review the record at some point in such proceedings seems almost to be assumed. . . . Penson v. Ohio, 488 U.S. 75, 82, n.5 [102 L.Ed.2d 300, 310, 109 S.Ct. 346] (1988)." (Anderson, *Are the American Bar Association's Time Standards Relevant for California Courts of Appeal?* (1993) 27 U.S.F. L.Rev. 301, 338, fn. 153.)

imposed by *Anders* and *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 43 P.2d 21]: "We might point out that appellate counsel who eschews manufacturing issues where none exists achieves a real benefit for his client. Here, in order to comply with the mandate of *Anders-Feggans* we carefully considered the *record* before advising defendant that he could file his own brief and before filing this opinion dismissing the case. In doing *so we reviewed not only those portions of the record which counsel discussed but the entire record*—an inspection we are not compelled to make when counsel only raises specific issues on appeal. An attorney who cannot discover an arguable issue thus secures an *appellate review of the record* which is not necessarily enjoyed by his more feisty counterpart who raises one or two frivolous issues, easily disposed of by the inspection of a few pages of transcript." (*People* v. *McGee* (1978) 82 Cal.App.3d 127, 129 [146 Cal.Rptr. 833], italics added.)

And, of course, 21 *years* before *Wende*, the California Supreme Court admonished appellate courts to either appoint an attorney for an indigent criminal appellant at the outset of an appeal or "make an independent investigation of the *record* and determine whether it would be of advantage to the defendant or helpful to the apellate court to have counsel appointed. This investigation should be made solely by the justices of the appellate courts." (*People* v. *Hyde* (1958) 51 Cal.2d 152, 154 [331 P.2d 42], italics added.) Then, as now, the scope of the required review was the same. Only then, the examination of the record was conducted before any briefing

In any event, the semantic tug of war between "proceedings" and "record" appears to miss the critical point of Justice Clark's dissent in *Wende*. I read the dissenting portion of his opinion as pretty much acquiescing in the notion that a reviewing court must examine the record to ensure the appointed attorney correctly concluded no arguable issue exists.[2] But Justice Clark vehemently disagreed with the corollary obligation imposed by his colleagues: the sua sponte duty, after an examination of the record, to actually *suggest* specific arguable issues. He lamented this responsibility cast the reviewing court in the role of "an advocate [and] . . . burdened [it] with determining what contentions should be urged on appeal and then, with resolving those contentions." (25 Cal.3d at p. 444 (conc. and dis. opn. of Clark, J.).) He returned to this theme twice more in his brief opinion, noting, "Further, it seems clear the Supreme Court intended that it not be the

---

[2]For example, Justice Clark wrote, "In fact, both the Court of Appeal and all members of this court have agreed with counsel there is simply no arguable issue." (*People* v. *Wende, supra*, 25 Cal.3d at p. 446 (conc. and dis. opn. of Clark, J.).) Presumably, Justice Clark reached his conclusion in the same manner as his colleagues did, i.e., by examining the record.

appellate court's function to search the record to ascertain arguable issues because only after *defendant* is afforded an opportunity 'to raise any points that he chooses,' is the appellate court to appoint new counsel if it finds 'any of the legal points' arguable on the merits. [Citation to *Anders*.] Thus the appellate court shall respond only to issues raise *to* it, not to issues raised *by* it." (*Id.* at p. 445 (conc. and dis. opn. of Clark, J.), italics in original.) Several paragraphs later, he reiterated that when appointed counsel seeks leave to withdraw, the "defendant [is] to be given an opportunity to present a brief *and thereafter the court is to determine whether the appeal is without merit. However, even then the court responds only to issues raised rather than to issues it seeks out by an independent examination of the record.*" (*Id.* at p. 446 (conc. and dis. opn. of Clark, J.), italics added.)

But the United States Supreme Court addressed this precise point in both *McCoy* v. *Court of Appeals of Wisconsin* (1988) 486 U.S. 429 [100 L.Ed.2d 440, 108 S.Ct. 1895] and *Penson* v. *Ohio, supra,* 488 U.S. 75, and again Justice Clark's view did not carry the day. In *McCoy* the Supreme Court held, "The Anders brief is . . . a device for assuring that the constitutional rights of indigent defendants are scrupulously honored. . . . Of course, if the court concludes that there are nonfrivolous issues to be raised, it must appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief before deciding the merits." (*McCoy, supra,* at p. 444 [100 L.Ed.2d at pp. 456-457].) Similarly, ". . . a court cannot determine whether counsel is in fact correct in concluding that an appeal is frivolous without itself examining the record for arguable appellate issues." (*Penson, supra,* at p. 83, fn. 6 [102 L.Ed.2d at p. 310].)

In sum, the procedures described in *Anders* v. *California, supra,* 386 U.S. 738, its progeny, and *People* v. *Wende, supra,* 25 Cal.3d 436 are constitutionally compelled in any nondiscretionary first appeal, whether criminal or civil, when court-appointed counsel has searched the record and concluded no arguable issue exists. The failure to conduct an *Anders/Wende* review under these circumstances deprives indigent appellants of substantially equal access to the reviewing court and violates their right to due process and equal protection. (*Douglas* v. *California* (1963) 372 U.S. 353, 356 [9 L.Ed.2d 811, 814, 83 S.Ct. 814].)