[Civ. No. 28428. Fourth Dist., Div. One. Jan. 11, 1984.]

In re JOYLEAF W., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
ANGELINE W. et al., Objectors and Appellants.

**COUNSEL**

Gary Rollinson, under appointment by the Court of Appeal, for Objectors and Appellants.

Lloyd R. Harmon, County Counsel, and Arlene Prater, Deputy County Counsel, for Petitioner and Respondent.

## OPINION

**BUTLER, J.**—Angeline W. and Stephen W. appeal a judgment freeing their one-year-old daughter from their custody and control under Civil Code section 232, subdivision (a)(6).[1]

Their lawyer has filed a brief setting forth the facts of the case; no argument is presented for reversal. We are asked to review the record for error under *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. The People question *Wende*'s applicability to a civil proceeding.

*Wende* follows the mandate set out in *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]. There, the United States Supreme Court held a California indigent defendant was denied fair procedure where counsel appointed for appeal prepared no brief but advised the court by way of letter he found no merit in the appeal. This "no-merit letter" and the procedure it triggered did not comport with the constitutional requirement of substantial equality and fair process. *Anders* cited a long time concern with the rights of an indigent on appeal. (*Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed.2d 891, 76 S.Ct. 585].) The nature of appellate review should not depend on the amount of money a defendant has. ". . . California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity." (*Anders* v. *California, supra,* at p. 743 [18 L.Ed.2d at p. 498].)

---

[1]Civil Code section 232, subdivision (a)(6) provides: "(a) An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions: . . . (6) Whose parent or parents are, and will remain incapable of supporting or controlling the child in a proper manner because of mental deficiency or mental illness, if there is testimony to this effect from two physicians and surgeons each of whom must have been certified either by the American Board of Psychiatry and Neurology or under Section 6750 of the Welfare and Institutions Code or licensed psychologists who have a doctoral degree in psychology and at least five years of postgraduate experience in the diagnosis and treatment of emotional and mental disorders. If, however, the parent or parents reside in another state or in a foreign country, the testimony herein may be supplied by two physicians and surgeons who are residents of such state or foreign country, if such physicians and surgeons have been certified by a medical organization or society of that state or foreign country to practice psychiatric or neurological medicine and if the court determines that the certification requirements of such organization or society are comparable to those of the American Board of Psychiatry and Neurology, or by two licensed psychologists who have a doctoral degree in psychology and at least five years of postgraduate experience in the diagnosis and treatment of emotional and mental disorders and who are licensed in that state or who have statutory recognition for practice in that country. [¶] The parent or parents shall be cited to be present at the hearing, and if the parent or parents have no attorney, the court shall appoint an attorney or attorneys to represent the parent or parents and fix the compensation to be paid by the county for such services, if the court determines the parent or parents are not financially able to employ counsel."

Our Supreme Court now "requires [us] to conduct a review of the entire record whenever appointed counsel [for an indigent criminal defendant] submits a brief which raises no specific issues or describes the appeal as frivolous." (*People* v. *Wende, supra,* 25 Cal.3d at p. 441.)

In freedom from custody and control cases, the state seeks permanently to sever the parent/child bond. ■ The natural parent's desire for and right to the companionship, care, custody and management of his or her children is an interest far more precious than any property right. (See *Stanley* v. *Illinois* (1972) 405 U.S. 645 [31 L.Ed.2d 551, 92 S.Ct. 1208].)

■ "When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it." (*Santosky* v. *Kramer* (1982) 455 U.S. 745, 759 [71 L.Ed.2d 599, 610, 102 S.Ct. 1388, 1397].)

■ Indeed, the substantial nature of the parents' rights here at risk requires proof by "clear and convincing evidence" before judgment may be rendered. (*Santosky* v. *Kramer, supra;* see also *In re Angelia P.* (1981) 28 Cal.3d 908 [171 Cal.Rptr. 637, 623 P.2d 198].) The court must also guard the best interests of the child and specifically find continued parental custody "clearly detrimental." (*In re B. G.* (1974) 11 Cal.3d 679, 698-699 [114 Cal.Rptr. 444, 523 P.2d 244]; § 232, subd. (b).)

■ Just as an indigent defendant is entitled to appointed counsel if he cannot afford one at trial and on appeal, parents are entitled to appointment of counsel in freedom from custody and control proceedings. Civil Code section 237.5 is legislative recognition of the fundamental rights involved when the state seeks to separate parents from their child.

We held *Wende* review proper in a dependency proceeding under Welfare and Institutions Code section 300.[2] (*In re Brian B.* (1983) 141 Cal.App.3d 397 [190 Cal.Rptr. 153].) In dependency proceedings, the juvenile court assumes jurisdiction over the child on a continuing basis for the welfare of the minor predicated on a variety of circumstances.[3]

---

[2]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[3]The court may declare a minor a dependent child when the child "is in need of proper and effective parental care or control and has no parent or guardian" (§ 300, subd. (a)); "is destitute, or not provided with the necessities of life, or who is not provided with a home or a suitable place of abode" (§ 300, subd. (b)); "is physically dangerous to the public because of a mental or physical deficiency" (§ 300, subd. (c)); "is [living in] an unfit place for him by reason of neglect, cruelty, depravity, or physical abuse" (§ 300, subd. (d)); or "has been freed for adoption from one or both parents for 12 months by either relinquishment or termination of parental rights and for whom an interlocutory decree has not been granted . . . or an adoption petition has not been granted" (§ 300, subd. (e)).

Under section 300 subdivisions, (a) through (d), a parent may lose custody of a child on a "non-conclusive basis." (*In re Norma M.* (1975) 53 Cal.App.3d 344, 346 [125 Cal.Rptr. 721].) Dependency proceedings may result in a temporary loss of custody. For example, parent compliance with a reunification plan might evidence willingness to correct the causes supporting the findings of dependency. Such remedial measures might result in a return of the child to the home.

The loss threatened by a Civil Code section 232 proceeding is of far graver consequence. A judgment against the parent permanently severs the parent/child relationship. The rights to conceive and raise children are basic to our concept of a society concerned with individual freedoms and constraints on state action. Surely, parents of a child sought to be taken permanently from their custody by the state are entitled to the appellate review afforded the criminal defendant whose freedom is abridged by state action. We hold a *Wende* review applicable for freedom from custody and control proceedings.

A review of the entire record has disclosed no reasonably arguable appellate issues. The parents were given an opportunity to file their own briefs and have not responded. Substantial evidence supports the petition. The parents were competently represented by counsel below and on this appeal.

Judgment affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.