
[No. F007310. Fifth Dist. Aug. 27, 1987.]

COUNTY OF MADERA, Plaintiff and Respondent, v.
ROBERT O. JACOBSON, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication
with the exception of part II.

## COUNSEL

Nancy Marsh, under appointment by the Court of Appeal, for Defendant and Appellant.

David D. Minier, District Attorney, and Roger L. Wayne, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**THE COURT.*** —Appellant Robert Olin Jacobson appeals from the June 9, 1986, judgment entered following a May 23, 1986, court trial at which he was found to be the father of J. S., born out of wedlock to Doris B. on June 12, 1982.

The action under review was initiated by the District Attorney of Madera County pursuant to his obligation to enforce the support obligations of parents, determine paternity, and seek reimbursement of funds expended as aid to families with dependent children (AFDC). (Welf. & Inst. Code, §§ 11475-11489.) In addition to resolving the paternity issue, the court ordered appellant to reimburse the county $5,750 for AFDC rendered by the county for support of J. S., at the rate of $50 per month, and to pay $250 per month prospectively for the support and maintenance of the minor. (Welf. & Inst. Code, § 11350.)

I

*Applicability of Wende Review*

Appellant's appointed appellate counsel has filed an opening brief which summarizes the material facts, with citations to the record. Counsel states

---

*Before Brown (G.A.), P. J., Franson, J., and Martin, J.

that she has been unable to find any arguable appellate issues and asks this court to independently review the record pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].[1] In *People* v. *Wende,* at pages 440-442, the California Supreme Court directed the Courts of Appeal to review the entire record whenever appointed counsel for an indigent criminal defendant submits a brief which raises no specific issues or describes the appeal as frivolous.

Counsel acknowledges that her research fails to disclose any case authority for applying *Wende* to an appeal in a paternity action, but submits that the same principles which led to the application of *Wende* in other civil contexts (see, e.g., *Conservatorship of Besoyan* (1986) 181 Cal.App.3d 34, 38 [226 Cal.Rptr. 196] [proceeding to impose a Lanterman-Petris-Short (LPS) conservatorship (Welf. & Inst. Code, § 5350) upon a person who is determined to be gravely disabled (Welf. & Inst. Code, § 5008, subd. (h)(1))]; *In re Joyleaf W.* (1984) 150 Cal.App.3d 865, 868-869 [198 Cal.Rptr. 114] [proceeding to terminate parental care and control (Civ. Code, § 232)]; *In re Brian B.* (1983) 141 Cal.App.3d 397, 398 [190 Cal.Rptr. 153] [proceeding to declare a minor a dependent child of the juvenile court (Welf. & Inst. Code, § 300)]) should apply here.

In *In re Brian B., supra,* 141 Cal.App.3d 397, the Fourth District, Division One, extended *Wende* review to a parent's appeal from an order continuing her child as a dependent child of the court. In declining to limit *Wende* to criminal proceedings, the court reasoned: "Parents in dependent children proceedings under Welfare and Institutions Code section 300 are entitled to the appointment of counsel (Welf. & Inst. Code, § 317). That constitutes a legislative recognition of the strong fundamental rights involved when the People separate a child from his parents. We find no valid reason to accord a parent in that situation a lesser degree of review than is accorded a criminal defendant. While the court deciding *In re Jessie H.* (1981) 126 Cal.App.3d 1048 . . ., did not address the specific issue here involved, the fact that it dealt with a dependency proceeding by utilizing a *Wende* review implicitly recognizes the availability of that review by an appellate court." (*Id.* at pp. 398-399.)

Next, in *In re Joyleaf W., supra,* 150 Cal.App.3d 865, the same court again rejected a limited application of *Wende* and extended independent

---

[1] Respondent County of Madera elected not to file a brief in the instant matter in light of the representation by appellant's counsel that she failed to find any arguably meritorious issues to raise on appeal. The office of the District Attorney of Madera County, on behalf of the county, submitted a letter in which it "concurs" with the determination that no reasonably meritorious issues are presented on the instant record. Respondent does not comment on appellant's request that this court utilize *Wende* review in paternity actions involving indigent defendants.

review to the parents' appeal from a judgment freeing their child from their custody and control. The court reasoned that the current case presented even a more compelling showing for *Wende* review than did *Brian B., supra.*

"In dependency proceedings, the juvenile court assumes jurisdiction over the child on a continuing basis for the welfare of the minor predicated on a variety of circumstances. [¶] Under section 300[,] subdivisions (a) through (d), a parent may lose custody of a child on a 'non-conclusive basis.' (*In re Norma M.* (1975) 53 Cal.App.3d 344, 346 . . . .) Dependency proceedings may result in a temporary loss of custody. For example, parent compliance with a reunification plan might evidence willingness to correct the causes supporting the findings of dependency. Such remedial measures might result in a return of the child to the home.

"The loss threatened by a Civil Code section 232 proceeding is of far graver consequence. A judgment against the parent permanently severs the parent/child relationship. The rights to conceive and raise children are basic to our concept of a society concerned with individual freedoms and constraints on state action. Surely, parents of a child sought to be taken permanently from their custody by the state are entitled to the appellate review afforded the criminal defendant whose freedom is abridged by state action. . . ." (*Id.* at pp. 868-869, fn. omitted.)

Finally, in *Conservatorship of Besoyan, supra,* 181 Cal.App.3d 34, this court extended *Wende* review to an appeal from an order granting a LPS conservatorship. We noted the potential "serious deprivation of personal liberty" (*id.* at p. 36), the "loss of many other liberties" (*id.* at p. 37), numerous potential statutory disabilities and "collateral consequences [that] remain even after the conservatorship has been terminated." (*Ibid.*) As a further index of the gravity of such proceedings, we noted the constitutional and statutory protections accorded the conservatee, including the right to appointed counsel and to appellate review. (*Id.* at p. 38.)

In *Salas v. Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226], in holding that an indigent paternity defendant had a right to appointed counsel, the California Supreme Court cogently summarized the far-reaching consequences of a paternity finding: "An adjudication of paternity may profoundly affect a person's life. It may disrupt an established family and damage reputations. Further, a court's determination of paternity exposes a defendant to deprivation of property and, potentially, liberty. It entails the obligation to support and educate a child (Civ. Code, §§ 196a, 7012), an obligation that does not end at the child's age of majority. (Civ. Code, § 206.) Moreover, a child support order is more freely enforceable by gar-

nishment than an ordinary civil judgment (15 U.S.C. § 1673(b)(1); Int. Rev. Code, § 6103(*l*) (6); Code Civ. Proc., § 690.6), and is not dischargeable in bankruptcy (11 U.S.C. § 35(a)(7)). Also, the failure to pay child support may be enforced through the civil contempt power (Civ. Code, § 7012), as well as the Uniform Civil Liability Act (Civ. Code, § 241 et seq.) and interstate assistance statutes (42 U.S.C. §§ 651-655; Code Civ. Proc., § 1650 et seq.). A judgment of paternity, even if taken by default, is res judicata in any subsequent civil enforcement proceeding. (Civ. Code, § 7010, subd. (a).) [¶] Failure to support a child may also be prosecuted criminally. (Pen. Code, § 270.) . . ." (*Id.* at p. 28, fns. omitted.)

Clearly our Supreme Court views as profoundly significant the deprivation of property and, in certain cases, liberty faced by a man adjudicated to be a child's father. Indeed, the California Supreme Court has determined an indigent defendant in a paternity proceeding shall have appointed counsel so that he may defend fully and fairly. (*Id.* at p. 34.)

For purposes of the applicability of *Wende* review, we conclude the multidimensional character of a paternity finding entitles an indigent defendant to the same manner of appellate review as given to the indigent parent faced with temporary or permanent loss of custody of a child. (Cf. *In re Jay R.* (1983) 150 Cal.App.3d 251, 261 [197 Cal.Rptr. 672].) *Wende* review is applicable.[2]

---

[2] Recently the U.S. Supreme Court upheld as constitutionally permissible a Pennsylvania statute providing the preponderance of the evidence standard as the burden of proving paternity. (*Rivera* v. *Minnich* (1987) 483 U.S. 574, __ [97 L.Ed.2d 473, 478-479, 107 S.Ct. 3001, 3003].) The appellant argued that the clear and convincing evidence standard utilized to terminate the parental relationship was the appropriate test. Although the majority in *Rivera* surmised "the primary interest of the defendant [in a paternity proceeding] is in avoiding the serious economic consequences that flow from a court order that establishes paternity and its correlative obligation to provide support for the child," (*id.* at p. __ [97 L.Ed.2d at p. 480,, 107 S.Ct. at p. 3005]), the *Salas* court, and the dissent in *Rivera*, recognized not only the financial and legal obligations that flow from a finding of paternity, but the unique moral dimension that accompanies the creation of a parent-child relationship. (*Salas* v. *Cortez, supra,* 24 Cal.3d at pp. 26-34; *Rivera* v. *Minnich, supra,* 483 U.S. 574, __-__ [97 L.Ed.2d 473, 482-484, 107 S.Ct. 3001, 3006-3008]) dis. opn. of Brennan, J.).)

In his dissent, Justice Brennan touches upon some of the intangibles a declaration of paternity carries: "The judgment that a defendant is the father of a particular child is the pronouncement of more than mere financial responsibility. It is also a declaration that a defendant assumes a cultural role with distinct moral expectations. Most of us see parenthood as a lifelong status whose responsibilities flow from a wellspring far more profound than legal decree. Some men may find no emotional resonance in fatherhood. Many, however, will come to see themselves far differently, and will necessarily expand the boundaries of their moral sensibility to encompass the child that has been found to be their own. The establishment of a parental relationship may at the outset have fewer emotional consequences than the termination of one. It has, however, the potential to set in motion a process of engagement that is

## II

*Contentions Raised by Appellant\**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## III

We have independently reviewed the whole of the record and find that no arguable factual or legal issues exist. (*People* v. *Wende, supra,* 25 Cal.3d 436, 440-442.)

The judgment is affirmed.

Appellant's petition for review by the Supreme Court was denied November 18, 1987.

---

powerful and cumulative, and whose duration spans a lifetime. . . ." (*Id.* at p. __ [97 L.Ed.2d at p. 483, 107 S.Ct. at p. 3007] (dis. opn. of Brennan, J.).)

*Rivera,* of course, does not discuss, let alone decide, the propriety of *Wende* review. The applicable proof standard is but one factor bearing on the gravity of the proceeding. In our view, that our Supreme Court requires the appointment of counsel for indigent defendants in paternity actions is more directly related to the question of *Wende* review, which provides a check on the performance of such counsel.

\* See footnote, *ante,* page 569.