[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 880 
OPINION
In this case, Kevin J.'s parental rights were terminated at a selection and implementation hearing (Welf. Inst. Code, §366.26). He exercised his statutory right to appeal. Because he is unable to afford counsel, this court appointed a competent attorney to represent him at taxpayer's expense (Cal. Rules of Court, rule 1435(b); In re Simeth (1974) 40 Cal.App.3d 982,984 [115 Cal.Rptr. 617]) and provided him with a record at no cost (Welf. Inst. Code, § 395). Counsel filed an opening brief providing us with an adequate summary of the facts. She did not argue against her client but advised us she found no issues to assert on appellant's behalf and requested we independently review the record for error, as is required in criminal appeals under People v. Wende (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839,600 P.2d 1071] (Wende).
We recognize our obligation to provide independent review of the record in criminal cases because of the mandate imposed upon us by the California Supreme Court in Wende. (1a) However, neither the United States Constitution nor any decision of the California Supreme Court compels us to extend the Wende
procedures to judgments terminating parental rights.
 DISCUSSION
The Anders Decision and California's Response
In Douglas v. California (1963) 392 U.S. 799
[9 L.Ed.2d 811, 83 S.Ct. 814], a companion case to Gideon v. Wainwright
(1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], the United States Supreme Court held an indigent criminal defendant has a constitutional right to appointed counsel on a first appeal as a matter of right. (Douglas, supra, at p. 355 [9 L.Ed.2d at p. 813].) Prior thereto, California's procedure provided *Page 881 
for the appointment of such counsel only when the appellate court, after an independent review of the record, determined such appointment would be of value to the defendant or the court. (People v. Hyde (1958) 51 Cal.2d 152, 154 [331 P.2d 42].)
The discord between the absolute right of the indigent defendant to the appointment of counsel and the duty of such counsel not to pursue a frivolous appeal was initially resolved in California in In re Nash (1964) 61 Cal.2d 491 [39 Cal.Rptr. 205,393 P.2d 405], which held appointed counsel could, by letter, inform the court ". . . he could find no meritorious grounds of appeal and refuse to file a brief or argue the case orally." (Id. at p. 495.) If, following receipt of such advice, the court itself reviewed the record and determined counsel's advice was correct, the requirements announced in Douglas would be satisfied. (Ibid.)
In Anders v. California (1967) 386 U.S. 738
[18 L.Ed.2d 493, 87 S.Ct. 1396] (Anders) the Supreme Court expressly disapproved the procedure described in Nash, holding it violated the indigent defendant's right to have counsel act as an "active advocate." (Id. at p. 744 [18 L.Ed.2d at p. 498].) Instead, Anders mandated a procedure whereby counsel, after determining the appeal was frivolous, must "so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (Ibid.)
Justice Traynor, writing for the California Supreme Court inPeople v. Feggans (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419,432 P.2d 21], adopted the procedure outlined in Anders. Counsel were to file a brief which "must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable. . . . If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw. . . . If counsel is allowed to withdraw, defendant must be given an opportunity to present a brief, and thereafter the court must decide for itself whether the appeal is frivolous." (Id. at pp. 447-448.)
Thirteen years later, the California Supreme Court in Wende
reinterpreted Feggans and Anders to require independent judicial review of the entire record as distinguished from theproceedings. "We conclude that Anders *Page 882 
requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (Wende,supra, 25 Cal.3d at p. 441.) Justice Clark, noting the distinction between a review of the proceedings, as mandated byAnders, and a review of the entire record for error, dissented and noted "The majority today effectively designate our already overburdened Courts of Appeal as cocounsel to indigents convicted of crime on unassailable records." (Id. at p. 447 (conc. and dis. opn. of Clark, J.).)
Without analyzing either the basis for the Wende procedure or the applicability of Anders to juvenile dependency and termination of parental rights proceedings, Division One of this court concluded the statutory right to counsel in such cases necessarily entitled indigent parents to the same appellate review as that extended to indigent criminal defendants underWende. (In re Joyleaf W. (1984) 150 Cal.App.3d 865, 868-869
[198 Cal.Rptr. 114]; In re Brian B. (1983) 141 Cal.App.3d 397,398 [190 Cal.Rptr. 153].) Recently, other courts have refused to follow this procedure and the issue is currently pending before the California Supreme Court. (See In re Sade C.
(1995) 41 Cal.App.4th 1642 [44 Cal.Rptr.2d 509], review granted Oct. 19, 1995 (S048796); In re Angela G.* (Cal.App.); also see In re Angelica V. (1995) 39 Cal.App.4th 1007
[46 Cal.Rptr.2d 295].)
Wende's Requirement for Independent Judicial Review of theRecord Is Not Compelled by Anders (2) The Wende court's conclusion that, if appointed counsel determines the appeal is frivolous, the court must independently search the entire record for error, rests upon the interpretation of a single, admittedly somewhat ambiguous word in Anders. In the latter case, the Supreme Court noted the appellate court must decide whether the case is "wholly frivolous" after the court conducts "a full examination of all the proceedings." (Anders,supra, 386 U.S. 738, 744 [18 L.Ed.2d 493, 498].)
Wende and its progeny interpret "proceedings" to be coextensive with the "record," thus requiring a full examination of the record below. However, the word "proceedings" in Anders
should be viewed in the light of the context in which the Supreme Court used it. Immediately preceding the imposition of the requirement there be "a full examination of all the proceedings," the court describes and refers to the "proceedings" which precede the dismissal of the appeal: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be *Page 883 
accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. . . ." (Anders, supra, 386 U.S. 738, 744 [18 L.Ed.2d 493, 498], italics added.)
It should first be noted that requiring counsel to refer "to anything in the record which might arguably support the appeal," would be superfluous if the appellate courts are also to engage in an independent review of the record to determine whether error could be found. Secondly, the use of "record" and "proceedings" in such close conjunction suggests the court meant for these words to mean something different. Therefore, we conclude the court intended the appellate court to review the "proceedings" as outlined in the brief required to be filed by appointed counsel and on such additional points as may be raised by the indigent defendant.
This conclusion is further supported by footnote 3 to Anders,
where the court references the review procedures then being followed in the United States Court of Appeals for the District of Columbia Circuit. (Anders, supra, 386 U.S. 738, 744, fn. 3 [18 L.Ed.2d 493, 498].) Those procedures are explained in Tate
v. United States (D.C. Cir. 1966) 359 F.2d 245
[123 App.D.C. 261] and Johnson v. United States (D.C. Cir. 1966)360 F.2d 844 [124 App.D.C. 29].
In Tate, which consolidated two otherwise unrelated cases, counsel for each indigent defendant advised the court there was no merit to their appeals, although neither counsel had the benefit of a transcript of the proceedings below. Citing Hardy
v. United States (1964) 375 U.S. 277 [11 L.Ed.2d 331,84 S.Ct. 424], the court noted an indigent defendant seeking to appeal in forma pauperis, who is not represented by trial counsel, is entitled to a complete transcript. (Tate v. United States,supra, 359 F.2d at pp. 251, 253.) The cases were reversed with instructions. In the one case where the trial had been reported but not transcribed, the court ordered appellate counsel be provided with a transcript of the proceedings. In the other case, which involved an allegation a guilty plea had been involuntarily obtained, and where no reporter had been present during the trial, the court ordered counsel be appointed on a motion to vacate the plea. The clear import of this opinion is appellate counsel must have an opportunity to review the record for error, not that the court be charged with such a duty.
In Johnson v. United States, supra, 360 F.2d 844, the court referred to a "Statement to be Handed by the Clerk to Appointed Counsel," which *Page 884 
required such counsel ". . . file a supporting memorandum analyzing the case legally, citing record references to the transcript . . . and also citing any case or cases upon which counsel relied in arriving at his ultimate conclusion." (Id. at pp. 844-845, fn. omitted.) The purpose of the memorandum is stated to be to enable the court to "fulfill our responsibility . . . [to] . . . conclude not only that counsel has made a conscientious investigation of the case, but also that we agree with his evaluation of it. We cannot reach such a conclusion in the absence of a fully documented memorandum." (Id. at p. 845, fn. omitted.) Again, it is clear, the appellate court reviews the "proceedings" as reflected in counsel's memorandum rather than undertaking its own independent review of the entire record.
Justice Clark, in his dissent to Wende, recognized the distinction between a review of the "proceedings" and a review of the "record" when noting, "[c]ontrary to the majority holding,Anders imposes no duty on an appellate court to intervene in a defendant's behalf to examine a record for error when counsel has already done so and has submitted a brief similar to that filed in this case. Anders requires the appellate court make a full examination of the `proceedings' — not record — determining the merit — if any — of the appeal." (Wende, supra,25 Cal.3d at p. 445 (conc. and dis. opn. of Clark, J.).)
In re Andrew B. (1995) 40 Cal.App.4th 825 [47 Cal.Rptr.2d 604] concludes the vast majority of states have adopted theWende procedure. This statement is purportedly supported by quotations from a large number of cases in the appendix to the opinion. However, this conclusion appears to be based in part on a failure to draw the distinction between a review of "proceedings" and a review of the entire record. The terms are used as if they were synonymous, which they are not.
The entire emphasis of Anders is on advocacy, not on any constitutional requirement the court review the record for error. It should be noted that, in Anders the court, in accordance with established procedures, had reviewed the record. (Anders,supra, 386 U.S. 738, 742 [18 L.Ed.2d 493, 497].) This did not satisfy the constitutional mandate. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." (Id. at p. 744 [18 L.Ed.2d at p. 498].)
Subsequent United States Supreme Court decisions support the proposition Anders does not mandate the procedure outlined inWende. Four cases, Jones v. Barnes (1983) 463 U.S. 745
[77 L.Ed.2d 987, 103 S.Ct. 3308], Pennsylvania v. Finley (1987)481 U.S. 551 [95 L.Ed.2d 539, 107 S.Ct. 1990], McCoy v. Courtof Appeals of Wisconsin (1988) 486 U.S. 429 *Page 885 
[100 L.Ed.2d 440, 108 S.Ct. 1895], and Penson v. Ohio (1988)488 U.S. 75 [102 L.Ed.2d 300, 109 S.Ct. 346], are discussed and their impact on Wende analyzed in People v. Hackett (1995)36 Cal.App.4th 1297 [43 Cal.Rptr.2d 219]. Hackett notes Penson
raises serious questions as to whether the Wende procedure passes constitutional muster. (Id. at pp. 1307-1308.) InPenson, the court disapproved a procedure, similar to that adopted under Wende, except the Ohio court permitted counsel for the indigent defendant to withdraw without filing a brief. This was followed by the court independently reviewing the record and, upon finding arguable claims, proceeding to adjudicate those claims. Hackett asserted the Supreme Court strongly disapproved of this procedure which substituted independent judicial review of the record for the "absolute imperative of advocacy" imposed by Anders. (Id. at p. 1307.)
Penson reiterated the Anders demand that counsel file a brief "`referring to anything in the record that might arguably support the appeal.'" (Penson v. Ohio, supra, 488 U.S. 75, 80
[102 L.Ed.2d 300, 309].) The Ohio court erred in permitting counsel to withdraw without filing such a brief. Such a brief is required for "the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." (Id. at pp. 81-82 [102 L.Ed.2d at pp. 309-310] fn. omitted.) Hackett points out that "Penson makes clear,Wende seems to miss the point of Anders. The essential point of Anders and its progeny is advocacy, i.e., the necessity for indigent convicted criminal defendants to have available to them a constitutionally acceptable level of appellate advocacy.Wende substitutes for that a `form' brief (complete with a `form' declaration of counsel) followed by an `independent review' by the court and its staff of the record and then maybe more effort by the appointed appellate attorney." (People v.Hackett, supra, 36 Cal.App.4th at pp. 1309-1310, fn. omitted.)
Hackett notes that U.S. v. Griffy (9th Cir. 1990)895 F.2d 561, where counsel had presented a "Wende brief," equated such a brief with the "`no merit letter'" expressly invalidated in Anders, which "`"affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate."'" (People v. Hackett, supra,36 Cal.App.4th at p. 1310.)
People v. Feggans, supra, 67 Cal.2d 444, which does not require the reviewing court search the entire record for error, correctly interpreted Anders. Counsel's "statement of the facts with citations to the transcript" (id. at p. 447) limits the court's review to those cited portions of the record it *Page 886 
deems necessary to conclude whether the appeal is frivolous. Nothing in either Anders or Feggans imposes a sua sponte obligation on the court to do more.
The Right to Appointed Counsel Does Not Compel the Right toIndependent Judicial Review of the Record (1b) Whether the United States Constitution compels appointment of counsel for indigent parents who may lose their parental rights, is not at issue because California provides a statutory right to such counsel. (Welf. Inst. Code, §§ 317, subd. (b), 366.26, subd. (f).) However, it is a non sequitur to argue the right to appointed competent counsel mandates judicial assumption of such counsel's duties.
Wende presumes, inter alia, independent judicial review is necessary because appointed counsel's representation may have been inadequate. Justice Stewart, in his dissent to Anders
noted the "cynical assumption that an appointed lawyer's professional representation to an appellate court in a `no-merit' letter is not to be trusted." (Anders, supra, 386 U.S. 738, 746
[18 L.Ed.2d 493, 499] (dis. opn. of Stewart, J.).) The process now employed by the California Courts of Appeal, which involves a second level of review of the record by highly experienced counsel, before a "Wende brief" may be filed, should satisfy the constitutional mandate to provide adequate counsel. (See People
v. Hackett, supra, 36 Cal.App.4th at p. 1311.) Certainly, in this state, the quality of counsel furnished to indigent litigants entitled to appointed counsel, satisfies any constitutional mandate.
The court has the duty to appoint competent counsel. Failure to do so violates the litigant's rights. If there is a concern appointed counsel has failed to competently represent the client, the remedy lies in permitting the litigant to attack such representation, not in compelling judges to discard their constitutional function and assume the role of advocate for one of the parties to the litigation.
Absent a Constitutional or Judicial Mandate, Policy Favors WendeReview Not Be Extended to Termination of Parental Rights Cases Anders does not compel us to conduct an independent review of the record and Wende extends such review only to criminal cases. Therefore, we are under neither a constitutional nor a judicial mandate to apply Wende to other than criminal cases. We are not persuaded policy considerations require we do so in an appeal from a judgment terminating parental rights. Most of these considerations have previously been outlined in People v.Hackett, *Page 887 supra, 36 Cal.App.4th at pages 1309-1311, in the cases now being reviewed by the California Supreme Court, as well as in three articles[1] cited in Hackett. They need only be briefly summarized here.
1. Wende review represents a perversion of the judicial function. In the common law tradition, courts impartially adjudicate issues submitted to them by the parties. A court should "respond only to issues raised to it, not to issues raised by it" (Wende, supra, 25 Cal.3d at p. 445 (conc. and dis. opn., Clark, J.).) See also Kelso, A Report on theCalifornia Appellate System, supra, 45 Hastings L.J. at p. 461.)
2. Because only appeals which raise no issues are subject toWende review, counsel may perform a disservice to their clients by raising issues which are unlikely to be successful. By doing so, they prevent their clients from having the benefit of full judicial review of the record. In State v. Horine (1983) 64 Or. Ct. App. 532 [669 P.2d 797], the Court of Appeals of Oregon, in discussing Anders and Wende recognized this anomaly: ". . . the same exercise of judgment that takes place when an attorney finds one arguable issue to raise and determines that there are no other non-frivolous issues presented by the case; we see no constitutional distinction between those situations." (Id. at p. 547 [669 P.2d at p. 805], fn. omitted.)
3. Although an indigent's right to appointed counsel on appeal is ostensibly based on equal protection grounds, appellants represented by retained counsel are not entitled to Wende
review. (People v. Placencia (1992) 9 Cal.App.4th 422, 428
[11 Cal.Rptr.2d 727].) Again, we refer to the Oregon court which noted: "The indigent appellant certainly has the same right to present an appeal as one who is not indigent, but it is not clear why an indigent should have a right to a more comprehensive appeal process than a non-indigent." (State v. Horine, supra,
64 Or. Ct. App. at pp. 543-544 [669 P.2d at p. 803], fn. omitted)
4. Wende review is not cost effective and represents a waste of the state's limited resources. (Anderson, Are the AmericanBar Association's Time Standards Relevant for California Courtsof Appeal?, supra, 27 U.S.F.L.Rev. at p. 336.)
5. Wende review is particularly inappropriate in a case involving termination of parental rights. Any proceeding which delays an ultimate *Page 888 
resolution in the life of an abused or neglected child is detrimental to this right of the child. The unnecessary and nearly always unproductive delay resulting from independent judicial review of the record for error under Wende thus operates against the best interest of children.
 CONCLUSION
Notwithstanding the foregoing, in the interest of a speedy resolution of this matter, and because of the interest of litigants in this division to a uniform handling of these cases, we have conducted a thorough review of the record and did not discover any arguably meritorious issues.
The judgment terminating parental rights is affirmed.
Sonenshine, Acting P. J, concurred.
* Reporter's Note: Review granted June 15, 1995 (S046327). Review dismissed December 14, 1995, and cause remanded to Court of Appeal, First Appellate District, Division Four.
[1] Anderson, Are the American Bar Association's TimeStandards Relevant for California Courts of Appeal? (1993) 27 U.S.F.L.Rev. 301, 336-339; Kelso, A Report on the CaliforniaAppellate System (1994) 45 Hastings L.J. 433, 460-463; Hager,An Appeal Losing Appeal (May 1994) 14 Cal.Law. 43.