[No. A070028. First Dist., Div. Four. Mar. 29, 1996.]

In re BENJAMIN E., a Person Coming Under the Juvenile Court Law.
SAN MATEO COUNTY YOUTH AND FAMILY SERVICES
DEPARTMENT, Plaintiff and Respondent, v.
ALLAN E., Defendant and Appellant.

**COUNSEL**

William Flenniken, Jr., for Defendant and Appellant.

Thomas F. Casey III, County Counsel, and Mary M. Ash, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**HANLON, J.**—This is an appeal from a dispositional order entered on March 21, 1995, in a juvenile dependency proceeding pursuant to Welfare

and Institutions Code section 395.[1] Counsel appointed for appellant filed a brief which summarized the procedural and factual background of the proceedings. The facts are not in dispute. Counsel advises us that appellant's opening brief is presented pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] *(Wende)*, *In re Brian B.* (1983) 141 Cal.App.3d 397 [190 Cal.Rptr. 153], and *In re Joyleaf W.* (1984) 150 Cal.App.3d 865 [198 Cal.Rptr. 114]. By invoking our review pursuant to *Wende*, counsel advises us that no substantive issues warranting reversal on appeal could be identified.[2] We decline to undertake a *Wende* review and hold that appealable dependency dispositional orders do not warrant the constitutionally protected procedures of *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396] as applied pursuant to *Wende*.

In *Wende*, *supra*, 25 Cal.3d 436 the California Supreme Court followed the direction of the United States Supreme Court in *Anders* v. *California*, *supra*, 386 U.S. 738. The court held that the Courts of Appeal have the obligation to independently review the record whenever appointed counsel appealing a criminal conviction submits a brief which raises no specific issues. ■ Appellant contends that the review provisions of *Wende* are applicable to a parental rights case even though they are derived from the criminal process. Appellant argues that since California has chosen to provide counsel to parents at public expense, the *Wende* review procedure is the natural result of that decision. Thus, when appointed appellate counsel for the case can find no specific grounds to urge on appeal, it would ·be incumbent upon the Court of Appeal to mount its own independent investigation of the record to verify that the finding of that counsel is correct. We reject these lines of argument.

We acknowledge that there is precedent for *Wende* review in a dependency proceeding pursuant to *In re Brian B.*, *supra*, 141 Cal.App.3d 397. However, we question whether the right to *Wende* review applies to a civil proceeding where a child is declared a dependent child and is removed from the home subject to a reunification plan. In this context, the rationale of *In re Brian B.*, *supra*, is not persuasive. The court there found a "legislative recognition of the strong fundamental rights involved when the People [*sic*] separate a child from his parents" from the fact that the Legislature granted appointed counsel to parents in dependency proceedings under section 317. This is not a reason based on a constitutional analysis.

---

[1]Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2]Appellant's counsel nowhere asserts that he cannot identify any grounds for appeal. We infer his request to this court that it undertake its own search for grounds for appeal from his statement that the brief is presented pursuant to *Wende*, *supra*, 25 Cal.3d 436.

In a criminal case, an indigent defendant's right to court-appointed counsel is based primarily on the fact the defendant's personal liberty is at stake. (See *Lassiter* v. *Department of Social Services* (1981) 452 U.S. 18, 25 [68 L.Ed.2d 640, 648, 101 S.Ct. 2153].) By contrast, in a civil proceeding to terminate parental rights, the objective is not to prosecute and punish the indigent parent but to protect the child. (*In re Michael S.* (1981) 127 Cal.App.3d 348, 363-364 [179 Cal.Rptr. 546]; *In re Mary S.* (1986) 186 Cal.App.3d 414, 418 [230 Cal.Rptr. 726].) Consequently the due process clause of the Fourteenth Amendment does not require the appointment of counsel for an indigent parent in every termination of parental rights proceeding. (*Lassiter* v. *Department of Social Services, supra,* 452 U.S. 18.) The due process right to appointed counsel in a dependent child or termination of parental rights proceeding depends on weighing governmental versus private interests and the risk the procedures used will lead to erroneous decisions. (*Id.* at pp. 27-33 [68 L.Ed.2d at pp. 649-654].)

In California, indigent parents in dependency and termination of parental rights proceedings have long had a statutory right to court-appointed counsel, at public expense, in the trial courts and on appeal. (§§ 317, 366.26, subd. (f); Cal. Rules of Court, rule 1412(g) & (h).) The section 300 dependent child proceedings have as their goal reunification of the family and do not undertake to terminate parental status and thus do not give rise to a right to counsel on due process grounds. (*In re Ammanda G.* (1986) 186 Cal.App.3d 1075, 1079 [231 Cal.Rptr. 372]; *In re Mary S., supra,* 186 Cal.App.3d at p. 418.) Thus, as previously noted, the right to counsel is statutory, and in such cases the indigent parent cannot raise the issue of ineffective assistance of counsel on appeal or in a collateral writ proceeding. (*In re Ammanda G., supra,* at pp. 1079-1080.) In such cases it would be anomalous to hold that the indigent parent nevertheless has a right to *Wende* review.

We note that Courts of Appeal have arrived at differing conclusions on the issue of *Wende* review. The Fourth District, Division Three has issued an opinion holding that appellate courts are under neither a constitutional nor a judicial mandate to apply *Wende* procedures to other than criminal cases, and policy questions do not require appellate courts to do so in an appeal from a judgment terminating parental rights. (*In re Kayla G.* (1995) 40 Cal.App.4th 878, 886 [47 Cal.Rptr.2d 86] (opn. by Rylaarsdam, J., with separate conc. and dis. opn. by Crosby, J.).) The same day a different panel of the same division issued an opinion holding that the Court of Appeal must conduct a *Wende* review to assure itself that the indigent parent received effective assistance of counsel and to determine whether there is, in fact, an arguable issue. (*In re Andrew B.* (1995) 40 Cal.App.4th 825, 861 [47 Cal.Rptr.2d 604] (opn. by Crosby, J., with separate conc. and dis. opn. by Sills, P. J.).)

A month before, Division One of the same district held that the right to counsel in dependency cases was not required under the federal Constitution. It further examined the dependency law and found that there was not any other basis for the *Wende* review. (*In re Angelica V.* (1995) 39 Cal.App.4th 1007, 1014 [46 Cal.Rptr.2d 295] (opn. by Froehlich, J.), review den. Jan. 18, 1996.)

The issue of whether or not to conduct *Wende* review in dependency cases is now before the Supreme Court in *In re Sade C.** (Cal.App.). We find the logic of *In re Angelica V., supra,* 39 Cal.App.4th 1007 and *In re Kayla G., supra,* 40 Cal.App.4th 878 persuasive and we adopt the reasoning therein because the issue is one of public interest, and add only one additional reason for our decision.

The laws governing dependency establish an ongoing process to assure, wherever possible, reunification of the family and the return of the child to the custodial parent(s). The first appealable order in the dependency process is the dispositional order. (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 196 [23 Cal.Rptr.2d 482].) The dispositional orders are the "judgment" specified in section 395, and all subsequent orders, with the exception of those set out in section 366.25 and section 366.26 are appealable "orders after judgment." (19 Cal.App.4th at p. 196.) The juvenile court must first determine by clear and convincing evidence whether the child must be removed from the physical custody of the parent(s) under the criteria set forth in section 361. When the child is not returned to the parent(s) at the disposition hearing, the court orders the necessary child welfare services to the minor and the minor's parents for the purpose of facilitating reunification of the family within the maximum period of 12 months. (§ 361.5 subd. (a).) Thereafter and so long as the minor is a dependent child, there must be a review of the status of the minor and the progress of the parents toward reunification every six months. (§ 366.) At the review hearing, the "court shall order the return of the minor to the physical custody of his or her parents . . . ," unless it is demonstrated by a preponderance of the evidence that return of the minor to his or her parents would create a substantial risk of detriment. (§§ 366.2 and 366.21.) This "constitute[s] a remarkable system of checks and balances, facilitated by the availability of counsel for indigent parents. The potential for a miscarriage of justice that will escape the notice of any minimally attentive appointed appellate counsel is so low as to be practically nil." (*In re Andrew B., supra,* 40 Cal.App.4th at p. 865, italics omitted (conc. and dis. opn. of Sills, P. J.).)

The inappropriateness of a *Wende* review in a dependency proceeding is further evidenced by the procedural history of this case. At this point

*Reporter's Note: For Supreme Court opinion see 13 Cal.4th 952.

in time the minor should have had a six-month status review pursuant to section 366.2 sometime in September 1995, and should be the subject of a twelve-month review as we decide this issue on appeal. In such a proceeding it is difficult to see the protections that a *Wende* review provides to an ongoing dependency proceeding. (See *In re Danielle M.* (1989) 215 Cal.App.3d 1267, 1271-1272 [266 Cal.Rptr. 352] [additional hearing may have mooted the issue by a change of placement or termination of dependency proceedings].)

In this case, appellant is represented by counsel. We have reviewed appellant's *Wende* brief which sets forth the statement of the case and facts with reference to the record. We respectfully decline the invitation to conduct a *Wende* review herein.

The appeal from the dispositional order is dismissed.

Anderson, P. J., and Poché, J., concurred.