62 Cal.Rptr.3d 412 (2007)
152 Cal.App.4th 1576
In re PHOENIX H. et al., Persons Coming Under the Juvenile Court Law.
San Diego County Health and Human Services Agency, Plaintiff and Respondent,
v.
M.H., Defendant and Appellant.
No. D050304.
Court of Appeal of California, Fourth District, Division One.
July 9, 2007.
*413 Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant.
John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.
No appearance for Minors.
McCONNELL, P.J.
M.H. appeals a juvenile court judgment terminating her parental rights over her sons, Phoenix H. and Dakota H., and choosing adoption as the permanent plan. (Welf. & InstCode, § 366.26.) M.H. presents no issue on appeal, and citing In re Sade C. (1996) 13 Cal.4th 952, 55 Cal. Rptr.2d 771, 920 P.2d 716 (Sade C), asks that we exercise our discretion to independently review the record for error. In Sade C, the California Supreme Court held review pursuant to Anders v. People (1967) 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (Anders) and People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (Wende ), is unavailable in "an indigent parent's appeal from a judgment or order, obtained by the state, adversely affecting his [or her] custody of a child or his [or her] status as the child's parent." (Sade C, supra, 13 Cal.4th at p. 959, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Accordingly, we decline to review the record independently for error.
M.H.'s counsel also requests leave for her to file a supplemental brief in propria persona. We asked the parties for additional briefing on this issue in light of In re Conservatorship of Ben C. (2007) 40 Cal.4th 529, 53 Cal.Rptr.3d 856, 150 P.3d 738 (Ben C), which holds that the Anders/Wende protections are inapplicable in conservatorship proceedings, but the conservatee nonetheless has the right to file a supplemental brief in propria persona when his or her counsel finds no appealable issue. (Ben C, supra, at pp. 543, 544, fn. 6, 53 Cal.Rptr.3d 856, 150 P.3d 738.) After taking the responses into consideration, we conclude that while we have discretion to allow such briefing, we are not required to do so. We deny M.H.'s request and dismiss the appeal.

DISCUSSION

I
In Sade C, the court, as an element of its holding that the Anders/Wende procedures *414 are inapplicable in dependency proceedings, concluded the absence of the procedures would not lead to erroneous results in indigent parents' appeals.[1] The court explained: "[O]ur consideration of the many cases that have come before us on petition for review reveals that appointed appellate counsel faithfully conduct themselves as active advocates in behalf of indigent parents. This causes no surprise: the attorneys are enabled, and indeed encouraged, to effectively represent their clients by the procedural protections accorded them in the Court[s] of Appeal, including the right to precedence over all other causes [citation], which parallel those accorded them in the juvenile court [citation]. In accord is the experience of Division One of the Fourth Appellate District Court of Appeal, as it recently recounted in In re Angelica V. [39 Cal.App.4th 1007, 46 Cal.Rptr.2d 295 (1995)]. Having applied the procedures in question for more than a decade under its holdings in [In re ] Brian B. [(1983) 141 Cal.App.3d 397, 190 Cal.Rptr. 153] and [In re] Joyleaf W. [ (1984) 150 Cal.App.3d 865, 198 Cal.Rptr. 114], the court declared that `we have discovered, to the best of our present recollection, no unbriefed issues warranting further attention.' [Citation.] As a result, it judged the procedures `unproductive' [citation], and overruled Brian B. and Joyleaf W." (Saole C, supra, 13 Cal.4th at p. 990, 55 Cal.Rptr.2d 771, 920 P.2d 716.)
More than a decade later, in Ben C, supra, 40 Cal.4th at page 537, 53 Cal. Rptr.3d 856, 150 P.3d 738, the court held "the Anders/Wende procedures are not required in appeals from LPS [Lanterman-Petris-Short] conservatorship proceedings. The conservatee is not a criminal defendant and the proceedings are civil in nature." Further, the court refused to extend the Anders/Wende procedures to conservatorship proceedings, finding an analysis similar to that of Sade C. showed the absence of the procedures would not significantly increase the risk of erroneous resolutions. (Ben C, supra, at p. 538, 53 Cal.Rptr.3d 856, 150 P.3d 738, citing Sade C, supra, 13 Cal.4th at pp. 990-991, 55 Cal.Rptr.2d 771, 920 P.2d 716.) The court explained the Legislature and the court "have built several layers of important safeguards into conservatorship procedure" *415 (Ben C, supra, at p. 540, 53 Cal. Rptr.3d 856, .150 P.3d 738), such as a "carefully calibrated series of temporary detentions for evaluation and treatment" before confinement, the right to a jury trial on the issue of grave disability, conservatorship terms limited to one year and rights to petition for rehearing during the term. (Id. at p. 541, 53 Cal.Rptr.3d 856, 150 P.3d 738.)
Moreover, a conservatee is entitled to appointed counsel, and the "Rules of Court also create safeguards to ensure active advocacy on appeal. A Court of Appeal must now evaluate an attorney's qualifications for appointment, divide its appointments list into at least two levels based on experience and qualifications, match an attorney with the demands of the case, and review and evaluate the performance of appointed counsel to determine whether they should remain on the list at the same level, be placed on a different level, or be deleted from the list." (Ben C, supra, 40 Cal.4th at p. 542, 53 Cal.Rptr.3d 856, 150 P.3d 738.) Further, when "a conservatorship is sustained on appeal, all safeguards remain in effect. The conservatorship still automatically expires at the end of a year. If a conservator seeks a new one-year commitment, the conservator again bears the burden of proof beyond a reasonable doubt. The conservatee again has the rights to appointed counsel, a jury trial, and a unanimous verdict. If a conservatorship is reestablished, the conservatee has renewed rehearing and appellate rights." (Ibid.)
In Ben C, the court also offered "guidance for the Courts of Appeal." (Ben C, supra, 40 Cal.4th at p. 544, 53 Cal.Rptr.3d 856, 150 P.3d 738.) Among other points, the court stated at footnote 6 that when counsel in a conservatorship proceeding cannot find an arguable issue, "The conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (Ben C, supra, 40 Cal.4th at p. 544, fn. 6, 53 Cal.Rptr.3d 856, 150 P.3d 738, italics added; Anders, supra, 386 U.S. at p. 744, 87 S.Ct. 1396 [the defendant must be furnished with a copy of the Anders brief and "allowed [time] to raise any points that he chooses"].) The Ben C. court provided no elaboration on the matter, but it presumably intended to issue a directive.
Sade C, supra, 13 Cal.4th 952, 55 Cal. Rptr.2d 771, 920 P.2d 716, in contrast, does not discuss any right of indigent parents to file supplemental briefs. In Sade C, however, appellate counsel had advised the parents they could file supplemental briefs. (Id. at pp. 962, 964, 55 Cal.Rptr.2d 771, 920 P.2d 716.)

II
This court has not permitted parents to file briefs in propria persona in Sade C. cases. We asked the parties here for supplemental briefing to aid us in our reconsideration of the matter in light of Ben C, supra, 40 Cal.4th at page 544, footnote 6, 53 Cal.Rptr.3d 856, 150 P.3d 738.
M.H. contends footnote 6 shows the Supreme Court intends that the appellant in any type of appeal has the right to file a supplemental brief in propria persona when his or her counsel finds no arguable issue, and the right is not dependent on whether AndersfWende procedures apply. M.H. also asserts the requirement is even more logical in dependency appeals because parents are "likely in a better position than most conservatees to prepare briefing and assist the court in uncovering viable legal issues for review." In Ben C, supra, 40 Cal.4th at page 540, 53 Cal. Rptr.3d 856, 150 P.3d 738, the court observed that "a person suffering from a grave mental disorder is obviously in a *416 poor position to influence or monitor counsel's efforts on his [or her] behalf." M.H. concedes, though, that in a dependency case "perhaps the likelihood of discovering an arguable issue from a brief filed in propria persona is not high."
M.H. also submits the extension of footnote 6 to dependency proceedings would serve the interests of justice and "the practice of permitting supplemental briefing within 30 days after receiving a Sade C. brief from counsel causes minimal delay when balanced against the importance of providing this opportunity given the significant rights at stake and adds little burden to the court's workload."
We are persuaded by the Agency's position, however, that Ben C.'s footnote 6 should not be extended to dependency appeals because of the deleterious effects of delay on dependent children. In dependency proceedings, unlike conservatorship proceedings, the interests of children are at stake. (Sade C, supra, 13 Cal.4th at pp. 987-988, 55 Cal.Rptr.2d 771, 920 P.2d 716; Ben C, supra, 40 Cal.4th at p. 539, 53 Cal.Rptr.3d 856, 150 P.3d 738.) As the Supreme Court explained in declining to apply Anders's procedures in an indigent parent's appeal, in dependency proceedings the State's interest in expeditiousness is "strong indeed," and its interest in finality is "`unusually strong,'" (Sade C, supra, at p. 993, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Dependency proceedings "`must be concluded as rapidly as is consistent with fairness....' [Citation.] A `period of time' that `may not seem ... long ... to an adult ... can be a lifetime to a young child.'" (Id at p. 990, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Dependent children should not face additional delay in finding stable homes "[u]nless necessary." (Id. at p. 993, 55 Cal.Rptr.2d 771, 920 P.2d 716.)
Chief Justice George explained in his dissenting opinion in Ben C, "[t]o the extent the application of Anders/Wende procedures delays resolution of the appeal [in a dependency matter], their application conflicts with the interests of the child, but to the extent they promote an accurate and just resolution, they promote the child's interests. Because the judgment is presumptively correct, however, the child's welfare presumptively `lies with someone other than his [or her] parent.'" (Ben C, supra, 40 Cal.4th at p. 546, 53 Cal.Rptr.3d 856, 150 P.3d 738 [dis. opn. of George, C.J.], citing Sade C, supra, 13 Cal.4th at p. 990, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Chief Justice George concluded that in a conservatorship case, "all of the private interests weigh in favor of affording additional review of the proceedingsunlike the situation where a child may be awaiting resolution of his or her status and is being denied a final, stable placement." (Ben C, supra, at p. 548, 53 Cal.Rptr.3d 856, 150 P.3d 738 [dis. opn. of George, C.J.])
As discussed above, this court has found that appointed counsel represent indigent parents vigorously and are not likely to miss an arguable appellate issue. Further, experienced attorneys with Appellate Defenders, Inc., the appellate project that assigns counsel for indigent parents for our approval, independently review all cases in which appointed counsel cannot find arguable issues and intend to file Sade C. briefs. It is improbable that a parent would spot an arguable issue that was missed by at least two attorneys charged with protecting a parent's interests.
Moreover, this court routinely appoints separate counsel for dependent children on appeal regardless of whether they are appellants. Children are the most important parties to the proceedings, indeed they are sole reason for the proceedings, and they *417 have an enormous stake in the matter; their interests are paramount. After receiving a Sade C. brief, the child's counsel may bring any arguable issue affecting the child's interests to our attention, thereby promoting an accurate and just resolution for the child.[2]
With these safeguards in place, there is no practical purpose in allowing a parent to file a supplemental brief in propria persona as a matter of right. "Procedures that are practically `unproductive,' like those in question, need not be put into place, no matter how many and how weighty the interests that theoretically support their use. To be sure, these procedures may have `symbolic' value of some kind. [Citation.] Such value, however, is too slight to compel their invocation." (Sade C, supra, 13 Cal.4th at pp. 990-991, 55 Cal.Rptr.2d 771, 920 P.2d 716.)
Extending the right to file supplemental briefs to parents in dependency proceedings would cause unnecessary delay in all Sade C. cases and undermine the critical goal of affording children stability and permanence as soon as reasonably possible. (In re Marilyn H. (1993) 5 Cal.4th 295, 309, 19 Cal.Rptr.2d 544, 851 P.2d 826; In re X.V. (2005) 132 Cal.App.4th 794, 798, 33 Cal.Rptr.3d 893.) While we have inherent discretion to allow supplemental briefing in an appropriate case, we find no reason to allow it in this case.[3]

DISPOSITION
The appeal is dismissed.
WE CONCUR: BENKE and McINTYRE, JJ.
NOTES
[1] In Anders, supra, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court held that in a criminal defendant's first appeal as of right, when appointed counsel finds no meritorious ground of appeal he or she should advise the court and request permission to withdraw. Further, to protect the defendant's constitutional right to assistance of counsel, the "request must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal," and a "copy of counsel's brief should be furnished the indigent and time allowed him [or her] to raise any points that he [or she] chooses." (Id. at p. 744, 87 S.Ct. 1396.) The appellate court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (Ibid.)

In Wende, supra, 25 Cal.3d 436, 158 Cal. Rptr. 839, 600 P.2d 1071, the California Supreme Court held that in a criminal defendant's appeal "Anders requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous," and the "obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally." (Id. at pp. 441-42, 158 Cal. Rptr. 839, 600 P.2d 1071.) "Wende reaches somewhat beyond Anders" (Sade C, supra, 13 Cal.4th at p. 980, 55 Cal.Rptr.2d 771, 920 P.2d 716), by holding that appointed appellate counsel following the Anders procedure need not seek the court's permission to withdraw from the case "so long as he [or she] has not described the appeal as frivolous and has informed the defendant that he [or she] may request the court to have counsel relieved if he [or she] so desires." (Wende, at p. 442, 158 Cal.Rptr. 839, 600 P.2d 1071.)
[2] The Second Division of the Fourth District Court of Appeal also appoints counsel for nonappealing minors in every dependency appeal, but other Courts of Appeal do not. We are informed that during the 2006-2007 fiscal year, which ended June 30, the Fourth District made 536 appointments for counsel for nonappealing minors and the other districts combined made 29 appointments.

Welfare and Institutions Code section 395, subdivision (b)(1), added in 2006, requires the Courts of Appeal to appoint separate counsel for a child who is an appellant. If the child is not an appellant, "the court of appeal shall appoint separate counsel for the child if the court of appeal determines, after considering the recommendation of the trial counsel or guardian ad litem appointed for the child pursuant to subdivision (e) of Section 317, Section 326.5, and [former] California Rule of Court 1448, that appointment of counsel would benefit the child." The Judicial Council has adopted a rule of court to implement the legislation, effective July 1, 2007, and it includes a list of factors to be considered by trial counsel or the child's guardian ad litem in making a recommendation to the appellate court. (Cal. Rules of Court, rule 5.661(f)) The Judicial Council has also devised a form (JV-810) that the trial counsel or guardian ad litem may use to recommend the appointment of separate appellate counsel for a child who is not an appellant.
[3] According to a commentator, the "different districts of the California Court[s] of Appeal have developed different procedures to follow when appellate counsel determines that there are no appealable issues under Sade C. These procedures are largely informal and are not the result of written policies or guidelines." (2 Cal. Juvenile Dependency Prac. (Cont. Ed. Bar 2007) § 10.67, p. 734.) The Second and Third Divisions of the Fourth District, and the First, Second and Fifth Districts allow a parent 30 days to file a supplemental brief in propria persona. The Third and Sixth Districts do not allow supplemental briefing, but if a parent wishes to file a brief counsel may withdraw and the parent may be substituted into the case in propria persona. (Id. at pp. 734-735.)