Filed 11/6/20  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E074562 |
| v. | (Super.Ct.No. INF1901596) |
| MOISES BRACAMONTES RAMIREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

# INTRODUCTION

On December 17, 2019, a jury found defendant and appellant Moises Bracamontes Ramirez guilty of robbery (Pen. Code, § 211; count 1) and misdemeanor receiving stolen property (Pen. Code, § 496, subd. (a); count 2). In a bifurcated proceeding, the trial court found true that defendant had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (Pen. Code, § 667, subd. (a)), and a prior prison term (Pen. Code, § 667.5, subd. (b)).

After the trial court denied defendant's motion to strike his prior strike conviction, defendant was sentenced to a total term of 11 years in prison with 143 days' credit for time served as follows: the middle term of three years, doubled to six years due to the prior strike conviction on count 1, plus five years for the prior serious felony conviction.[1] The court also stayed a $300 parole revocation fine (Pen. Code, § 1202.45, subd. (c)); ordered defendant to pay a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); an $80 court operations assessment (Pen. Code, § 1465.8); a $60 conviction assessment (Gov. Code, § 70373); a $514.58 booking fee (Gov. Code, § 29550); and up to $1,095 for a presentence report (Pen. Code, § 1203.1b). Defendant appeals from the judgment. Based on our independent review of the record, we find no arguable issue and affirm the judgment.

---

[1] The trial court did not impose any sentence on count 2 and the prior prison term. While this appeal was pending, count 2 was dismissed.

II

FACTUAL BACKGROUND

On September 8, 2019, at around 4:15 a.m., Anita H. was working the graveyard shift as a cashier at a gas station/convenience store in Coachella, California when she was approached by defendant on a bicycle while she was outside cleaning the front door and windows of the convenience store. Defendant had his shirt pulled up over his face, what appeared to be a bandana around his mouth area, and was holding a plastic trash bag. While Anita was standing by the front door, defendant asked her if she was alone. He then lunged toward the front door. Anita turned to try to stop defendant, but he shoved her out of the way. Anita followed defendant inside.

When Anita tried to prevent defendant from getting to the cash register, he again shoved her out of the way. Defendant then started pushing keys to try to open the cash register. Anita slammed the cash drawer shut and told defendant to leave or she would call the police. When defendant could not get the register open, he threw all the cigarettes and some lighters from behind the counter into the trash bag he was holding. Defendant then ran out the back door and rode away on his bicycle. Anita called the police. The entire event was captured on the store's surveillance camera, which was played for the jury at trial.

Riverside County Sheriff's Deputy Joshua Fransik received the initial radio call regarding the robbery from dispatch at 4:26 a.m. Riverside County Sheriff's Deputy Shane Day, a K-9 handler, located defendant at 6:07 a.m. Defendant was riding his

3

bicycle approximately a quarter mile, about 400 yards, from the gas station/convenience store.  He had a large trash bag containing numerous unopened packages of cigarettes and some lighters.  Deputy Day made eye contact with defendant, and defendant stopped near the paved road.  Anita identified defendant as the suspect in court and during an in-field identification.

At the time the offenses, defendant was 36 years old and appeared to have a substance abuse problem.  He had worked since age 19 at various places of employment as a grocery store bagger and general laborer.  He had also worked for a construction company, helping his brother-in-law doing general labor.  Defendant reported having "'good'" physical and mental health.  He also stated that he had no physical limitations or disabilities.  Defendant was single with no children.  He had lived with his mother but reported being homeless prior to the current offenses.  He had applied for a job at a granite marble company the day prior to the incident.  Defendant indicated an intention to begin working and eventually meeting a woman and starting a family.

III

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

4

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:


SLOUGH

J.


FIELDS

J.


5