Filed 8/9/22  P. v. Castro CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROBERT CASTRO,

    Defendant and Appellant.

E078753

(Super. Ct. No.  RIF2104295)

OPINION

APPEAL from the Superior Court of Riverside County.  Judith Clark, Judge.

Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Robert Castro appeals following a guilty plea.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders*

1

*v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On July 11, 2021, a witness was outside cleaning his vehicle when he saw defendant throw a punch at the victim. Defendant's punch missed the victim's head, but she fell to the ground. As the victim was on the ground, defendant punched her multiple times with a closed fist. After the witness and his father separated defendant and the victim, defendant fled the scene and was gone before deputies arrived. During the change of plea hearing, defendant admitted that he willfully and unlawfully inflicted a corporal injury resulting in a traumatic condition on the victim, someone with whom he had a dating relationship.

On October 6, 2021, a complaint was filed charging defendant with one count of willfully inflicting corporal injury on a spouse/cohabitant/girlfriend (Pen. Code, §§ 273.5, subd. (a), 243, subd. (f)(10)). The complaint further alleged that defendant had suffered a prior strike conviction (Pen. Code, §§ 667 (c), (e), 1170.12 (c)(1).)

---

[1] The factual background is taken from the arrest warrant and defendant's admission at the plea hearing.

On January 31, 2022, pursuant to a negotiated plea agreement and after waiving his constitutional rights, defendant pled guilty as charged to inflicting corporal injury on the victim. He also admitted the truth of prior strike allegation. Thereafter, defendant requested to be immediately sentenced and waived probation referral. Thus, pursuant to the plea agreement, the trial court sentenced defendant to the low term of two years, doubled to four years due to the strike, to prison with credit for time served.

On March 28, 2022, defendant filed a notice of appeal "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant did not request a certificate of probable cause.

### III.

### DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-

3

442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.

4