Filed 7/18/23  P. v. Chen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079716 |
| v. | (Super. Ct. No. BAF2101521) |
| YI EE CHEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William R. Chidsey, Judge.  Affirmed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Pursuant to a negotiated disposition, defendant and appellant Yi Ee Chen pleaded guilty to driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)).  He

1

also admitted that he had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  In exchange, the remaining charges were dismissed, and defendant was sentenced to a stipulated term of six years in prison with credit for time served.  Defendant appeals the judgment.  Based on our independent review of the record, we find no error and affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 26, 2021, Riverside County Sheriff's Department Deputy Ronald Asendorf was dispatched to the Casino Morongo in Cabazon regarding a stolen vehicle. Upon arrival, Deputy Asendorf spoke with the registered owner of a missing 2019 Lexus, valued at $33,000.00.  After reviewing the casino's surveillance video camera recording of someone taking the Lexus, Deputy Asendorf identified defendant as the person who had taken the Lexus.  The missing Lexus was recovered later that same evening.

On November 27, 2021, Deputy Asendorf was dispatched back to the casino as defendant was at the valet and apologizing for stealing the vehicle to valet staff.  When the deputy arrived at the casino, defendant was at the valet stand.  Upon being approached by Deputy Asendorf, defendant exclaimed that he had stolen the Lexus while under the influence of methamphetamine.  Defendant also stated that he "felt bad" about taking the vehicle and had returned to inform casino employees of where he had thrown

---

[1]  A summary of the factual background is taken from the preliminary hearing.

2

the keys. Deputy Asendorf arrested defendant. Deputy Asendorf drove defendant around to locate the Lexus' keys but was unsuccessful.

Following a preliminary hearing, on August 11, 2022, an information was filed charging defendant with driving or taking a vehicle, to wit, a 2019 Lexus, without consent (Veh. Code, § 10851, subd. (a); count 1) and receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2). The information also alleged that defendant had suffered a prior serious felony conviction (Pen. Code, § 667, subd. (a)) and a prior strike conviction for a 2003 carjacking offense (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

Prior to the preliminary hearing at an April 12, 2022 felony settlement conference hearing, the trial court granted defense counsel's request to order a psychiatric evaluation of defendant pursuant to Evidence Code section 1017.

On July 29, 2022, defense counsel informed the trial court that defendant "was requesting a residential treatment program." The court responded, "At this point, I don't think it's going to change my mind. I did give that indicated sentence, sir. Obviously, a residential treatment program, while I think it would be beneficial for you, given your track record, sir, this in all likelihood would be a state prison case." The court, however, was willing to "revisit the issue" at a later date after defense counsel has had an opportunity to submit "materials" to the court.

On August 24, 2022, pursuant to a negotiated disposition, defendant withdrew his not guilty plea and pleaded guilty to count 1 and admitted the prior strike conviction. In

3

return, defendant was promised the remaining allegations would be dismissed, and he would be sentenced to a stipulated term of six years in prison with 132 days credit for time served.

Prior to pleading guilty, defendant executed a felony plea form. The trial court went over the plea form with defendant. In response to the trial court's query, defendant indicated that he had carefully gone over the plea form with his attorney and that he understood everything on the plea form. The trial court also informed defendant of his constitutional rights, the consequences of pleading guilty, and the negotiated plea agreement. Defendant indicated to the court that he understood his rights, consequences of the plea, and the plea agreement. Defendant also acknowledged to the court that he had enough time to speak with his attorney. Defendant's counsel joined in the waivers, agreed with the plea, and stipulated to a factual basis for the plea. After directly examining defendant, the court found that defendant understood his plea form, the nature of the charges, the consequences of pleading no contest, and his constitutional rights. The court also found that defendant had knowingly, intelligently, freely, and voluntarily waived his constitutional rights, and that there was a factual basis for his plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement to six years in prison with 132 days credit for time served, and the remaining allegations were dismissed.

Defendant timely filed a notice of appeal and a request for certificate of probable cause. In his request for certificate of probable cause, defendant stated that he hears

4

voices "that make [him] make wrong decisions," that he "also see things that are not there," that he had "memory lapses," and that his probation officer had been trying to find him mental housing. The trial court granted defendant's request for a certificate of probable cause.

## III.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

5

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

MENETREZ
J.